# Exhibit B

Daniel M. Baczynski, Bar No. 15530
BACZYNSKI LAW, PLLC
12339 S. 800 E., Ste 101
Draper, UT 84020
(708) 715-2234
dan@bskilaw.com
Tyler B. Ayres, Bar No. 9200
AYRES LAW FIRM
12339 S. 800 E., Ste. 101
Draper UT 84020
(801) 255-5555
Tyler@AyresLawFirm.com
*Attorney for Plaintiffs*

---

## THIRD JUDICIAL DISTRICT COURT
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| SARAH CASTILLO and VIKTORIA SVENSSON,<br><br>On behalf of Plaintiffs and Class,<br><br>vs.<br><br>DUKE CAPITAL LLC,<br><br>Defendant. | **SUMMONS**<br><br>Case No:  200901994<br><br>Judge:  Hansen |

The State of Utah to:          Duke Capital, LLC
                               Gregory Constantino
                               8537 S Redwood Rd, Suite D
                               West Jordan, UT 84088

You are summoned and required to answer the attached Complaint. Within 21 days after service of this summons, you must file your written answer with the clerk of the court at the court address shown above. Within that same time, you must mail or deliver a copy of your answer to the party or the party's attorney at the address shown above. If you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint, which has been filed with the clerk of the court.

DATED: March 18th, 2019.

                                        */s/*      Daniel Baczynski

Daniel M. Baczynski, Bar No. 15530
BACZYNSKI LAW, PLLC
12339 S. 800 E., Ste 101
Draper, UT 84020
(708) 715-2234
dan@bskilaw.com

Tyler B. Ayres, Bar No. 9200
AYRES LAW FIRM
12339 S. 800 E., Ste. 101
Draper UT 84020
(801) 255-5555
Tyler@AyresLawFirm.com
*Attorney for Plaintiffs*

---

**THIRD JUDICIAL DISTRICT COURT**
**SALT LAKE COUNTY, STATE OF UTAH**

---

| | |
|---|---|
| SARAH CASTILLO and VIKTORIA SVENSSON,<br><br>   On behalf of Plaintiffs and Class,<br><br>vs.<br><br>DUKE CAPITAL LLC,<br><br>   Defendant. | **COMPLAINT**<br>**JURY TRIAL DEMANDED**<br><br>Case No:<br><br>Judge: |

Plaintiffs Sarah Castillo (Castillo) and Viktoria Svensson (Sensson) by and through their

attorneys of record, makes a demand for a jury trial and complains of Defendant, Duke Capital,

LLC (Duke), as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over all civil matters occurring in the State of Utah pursuant to

Utah Code § 78A-5-102(1).

1

2.  Venue is proper pursuant to Utah Code § 78B-3-307 where the Defendant does not reside in the State.

3.  Defendant is subject to personal jurisdiction within the State of Utah because Duke engaged in debt collection activities within the State of Utah.

## PARTIES

4.  Plaintiffs were at all times relevant a resident of the State of Utah.

5.  At all relevant times, Plaintiffs were above the age of 18.

6.  Defendant Duke is a Wisconsin Limited Liability Corporation with a its registered agent, Gregory Constantino, located at 8537 S. Redwood Rd, Ste D, West Jordan, UT 84088.

7.  Duke engages in business throughout the State of Utah.

8.  Duke's business is to acquire debts in default and then pursue collection of the debts, directly or indirectly, through instrumentalities of interstate commerce or the mails.  Any debt of Plaintiffs that Duke alleges it acquired was in default when Duke acquired it.

9.  Duke is a "debt collector" as defined by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a (6).

10. None of the exceptions to the term "debt collector" under the FDCPA apply to Duke.

## GENERAL ALLEGATIONS

11. This case has to do with the prosecution of bogus debt collection actions by Defendant Duke when it did not have the right to engage in the business of debt collection in the State of Utah. In furtherance of its debt collection business, Duke improperly filed actions before courts in Utah to obtain judgments against the Plaintiffs. Yet, under Utah law courts cannot assist those persons operating without a license to a recovery. In order to avoid this defense, Duke misrepresented its licensure status to debtors. Through these

2

misrepresentations, and by using the court system for its improper purposes, Duke has

violated the Fair Debt Collection Practices Act (FDCPA), Utah Consumer Sales Practices

Act (UCSPA), and has been unjustly enriched and permitted to engage in the business of

debt collection in Utah when it was not licensed to do so.

12. By filing lawsuits in the State of Utah without first acquiring the necessary license for debt

collection, Duke engaged in "action that cannot be legally taken" in violation of the

FDCPA.

13. By misrepresenting its licensure and bonding status and filing lawsuits in the State of Utah

without first acquiring the necessary license for debt collection, Duke engaged in a

deceptive and unconscionable practice in violation of the Utah Consumer Sales Practices

Act (UCSPA).

14. The judgments improperly obtained by Duke in Utah are void because Duke lacked

standing in Utah to collect those debts before it obtained the mandatory license required

by Utah law.  Without the mandatory license it was not legally entitled to payment on the

notes and had suffered no protectable injury which was required for it to obtain the

jurisdiction of the state courts.  The failure to object to the lack of standing by the

Plaintiffs who either defaulted or consented to judgment does not impact this rule. Parties

cannot confer subject matter jurisdiction by consent, waiver or estoppel.

15. In a related matter before the U.S. District Court of Maryland involving an unlicensed

debt collector, *Hauk v. LVNV Funding, LLC*, 749 F. Supp. 2d 358, 369 (D. Md. 2010),

the Honorable Catherine C. Blake found that the Plaintiffs in that action, who are not

Class members, were permitted to pursue claims against LVNV under federal and state

law "when it filed complaints in Maryland state court against…the putative class

members [when]…LVNV had failed to become licensed as a "collection agency" by the

Maryland Commissioner of Financial Regulation prior to filing the lawsuits, as required

by Maryland law, Md. Code Ann., Bus. Reg. § 7–301."

16. Plaintiffs allege that part of the injuries sustained by him as a result of the state court

judgments obtained by Duke against him included the assessment of a purported debt

sum, interest, and costs (including attorney fees) against them. The damage arose from

the existence of the judgments reflecting a judgment that was void and/or the

enforcement of the judgments by garnishment, or payments collected through threat

based on the judgments, which caused, actually and proximately, the injury for which the

Plaintiffs seeks redress.

## FACTS

### The Proliferation of Debt Collection Irregularities

17. This case arises from a systematic, intentional, and predatory debt collection business

of Duke against vulnerable Utah consumers without the mandatory license required by the

State of Utah.

18. Duke allegedly acquires consumer debts in default for pennies on the dollar and then engages

in the business of debt collection including trying to collect the debt by filing lawsuits before Utah

courts when it did not have the legal authority to engage in the business of debt collection in the

State of Utah. Prior to October 9th, 2019, Duke operated without a license thus (i) skirting

the requirements easily complied with by other similarly situated companies engaged in

the business of debt collection in Utah, which provided Duke an improper advantage over

those who followed the law and (ii) avoiding the mandatory protections intended for

Utah consumers by the legislature and regulatory authority.

19. The non-partisan Government Accounting  Office (GAO) recently summarized public

enforcement of this kind of scheme as follows:

our analysis of information provided by the National Association of Attorneys General found at least 60 enforcement actions were taken by state attorneys general against debt collection companies from January 2006 through May 2009, of which 28 involved or may have involved the collection of credit card debt. These actions alleged a variety of illegal debt collection practices, such as deducting money from consumers' bank accounts without authorization, **operating in states without proper licenses**, and refusing or failing to provide consumers with proof of their debts. Generally, state attorneys general either negotiated a settlement with the debt collection company or brought a court action against the company. Settlements included penalties such as refunds to consumers, cancellation of consumers' debts, civil penalties, and injunctive relief aimed at preventing future collection violations.

GAO Report, Fair Debt Collection Practices Act Could Better Reflect the Evolving Debt Collection Marketplace and Use of Technology, September 2009 (available at http://www.gao.gov/new.items/d09748.pdf) at Pages 38-39 (emphasis added).

20. Duke was a "collection agency, collection bureau, or collection office" as defined by

Title 12 Collection Agencies. Duke directly participated in collection efforts by filing

lawsuits, providing documents relating to the lawsuits and otherwise acting through its

authorized agents to collect consumer debts.

### Utah's Licensing Requirements for a Debt Collector License

21. Utah Code Ann. 12-1-1 provides:

*No person shall conduct* a collection agency, collection bureau, or collection office in this state, or engage in this state in the business of soliciting the right to collect or receive payment for another of any account, bill, or other indebtedness, or advertise for or solicit in print the right to collect or receive payment for another of any account, bill, or other indebtedness, *unless at the time of conducting the collection agency*, collection bureau, collection office, or collection business, or of advertising or soliciting, *that person or the person for whom he may be acting as agent, is registered with the Division of Corporations and Commercial Code and has on file a good and sufficient bond as hereinafter specified.*

(Emphasis added)

22. However, prior to October 9th, 2019, Duke did not have the mandatory license required

by Utah law but continued its business of collecting debts acquired in default and filed

5

collection lawsuits in Utah courts without standing to do so.

23. According to public records, Duke engaged directly in collection activities in more than a 100 occurrences, including the action against Plaintiffs, in the State of Utah during the last four years by taking actions, in the form of collection lawsuits, to collect debts from Utah consumers.  In these lawsuits, Duke actively and directly participates by acting as the named party in the litigation and providing purported affidavits and other papers in support of the complaint to the state courts.

### Facts Related to Plaintiff Castillo

24. Without the legal right or Collection Agency license to do so, on March 6th, 2019, Duke continued its business of collecting debts when it filed a consumer debt collection action against Plaintiff Castillo styled as *Duke Capital LLC v. Castillo, Sarah*, Case No. 190901319 ("Castillo Action").

25. At the time of filing of the Castillo Action, Duke did not have a license as a Collection Agency as required under Utah law.

26. In its complaint, Duke misrepresented that "Plaintiff is entitled to a judgment against Defendant SARAH CASTILLO in the amount of $1893.94, plus court costs".

27. In the Castillo Action the District Court of Utah did not determine if it in fact had jurisdiction over the parties or whether Duke had any right to file the debt collection action.

28. Castillo relied on these allegations as affirmative representations that Duke was fully licensed and authorized to engage in debt collection within the State of Utah.

29. Castillo did not respond and Duke moved for a default judgment.

30. Duke obtained a default judgment for $2013.94 on April 9th, 2019.

31. Duke moved for and was granted a writ of continuing garnishment against Castillo.

32. Duke served the notice of garnishment on Castillo's employer TPUSA, Inc..

33. Duke is attempting to garnish Castillo's wages in an attempt to satisfy the judgment.

34. Castillo has suffered emotional distress as a result of the litigation pursued by Defendant.

35. Defendant's litigation has caused Castillo anxiety and distress that has resulted in physical manifestations

**Facts Related to Plaintiff Svensson**

36. Without the legal right or Collection Agency license to do so, on January 30th, 2019, Duke continued its business of collecting debts when it filed a consumer debt collection action against Plaintiff Svensson styled as *Duke Capita, LLCl v. Svensson, Viktoria*, Case No. 199901732 ("Svensson Action").

37. At the time of filing of the Svensson Action, Duke did not have a license as a Collection Agency as required under Utah law.

38. In its complaint, Duke misrepresented that "Plaintiff has the same right to collect the account as was previously held by LoanMe Corp" and "Plaintiff is entitled to a judgment against Defendant VIKTORIA SVENSSON in the amount of $4367.47, plus court costs".

39. In the Svensson Action the District Court of Utah did not determine if it in fact had jurisdiction over the parties or whether Duke had any right to file the debt collection action.

40. Svensson relied on these allegations as affirmative representations that Duke was fully licensed and authorized to engage in debt collection within the State of Utah.

41. Svensson did not respond and Duke moved for a default judgment.

42. Duke obtained a default judgment for $4582.47 on June 3rd, 2019.

43. Duke moved for and was granted a writ of continuing garnishment against Svensson.

44. Duke served the notice of garnishment on Svensson's employer Molina Healthcare of Utah, Inc.

45. Duke garnished Svensson's wages in an attempt to satisfy the judgment.

46. Duke filed a satisfaction of judgment on March 4th, 2020.

47. Svensson has suffered emotional distress as a result of the litigation pursued by Defendant.

48. Defendant's litigation has caused Svensson anxiety and distress that has resulted in physical manifestations

### FIRST CLAIM FOR RELIEF
*Violation of the FDCPA*
*Individual and Class Claim*

49. Plaintiffs incorporate by reference all preceding paragraphs.

50. Defendant engaged in unfair and deceptive acts and practices in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10) and 1692f, by engaging in an action that cannot legally be taken where Duke pursues debt collection via filing lawsuits in Utah without the necessary Collection license .

51. Section 1692e provides:

**§1692 e.        False or Misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:…**

**(2) The false representation of—**

**(A) The character, amount, or legal status of any debt;…**

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer…**

52.   Section 1692f provides:

**§ 1692f.          Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt…**

<u>SECOND CLAIM FOR RELIEF</u>
*Violation of the Utah Consumer Sales Practice Act*
*Individual and Class Claim*

53. Plaintiffs incorporate the foregoing allegations.

54. The Utah Consumer Sales Practices Act is to be construed liberally to protect consumers from suppliers who commit deceptive and unconscionable sales practices and to protect suppliers who in good faith comply with the provisions of this act. UTA § 13-11-2(2) and (6).

55. Utah's licensure statute (Title 12) is designed to police debt collectors and protect the public. The statute specifically precludes a person from operating a collection agency, bureau, or office without a license. Those that have been issued a license have their registration records open to inspection by the public.

56. Title 12 prohibits unlicensed debt collectors from taking assignments of debts, prohibits the assignment of time barred debts to all debt collectors, and requires debt collectors to pursue legal processes through hired counsel.

57. Under Title 12, an unlicensed debt collector is precluded from providing credit information to consumer reporting agencies, and all credit information provided by unlicensed debt collectors is considered void.

58. Title 12 further governs "collection fees" and precludes unlicensed debt collectors from

9

requesting "collection fees".

59. Title 12 further requires the collection agency to post a bond which will be forfeited to persons injured.

60. In Utah, "a court will [not] assist one who fails to secure a required license to recover money" where the licensure statute "expressly prohibits the business or declares void acts done or contracts made therein". *Mosley v. Johnson*, 22 Utah 2d 348, 351 - 353, 453 P.2d 149, 151 (Sup.Ct. 1969).

61. Duke did not disclose that it did not have the requisite license when it filed suit against Utah consumers in an attempt to collect on purchased debts and actively misrepresented its ability to enforce its right to collect the debt.

62. Duke's omissions and misrepresentations to consumers and the courts allowed Duke to pursue debts in violation of Utah law.

63. Under Amin Code R152-11-5(B)(5), is a per se deceptive act for a supplier under the UCSPA to misrepresent its licensure and bonding status.

64. Duke's conduct in filing a debt collection lawsuit, affirmative representations in its filings regarding Duke's right to recovery, and material omissions regarding its unlicensed status, together constitute a misrepresentation of its licensure and bonding status.

65. Duke's practice of filing debt collection lawsuits without a license constitutes a deceptive and unconscionable act in violation of the UCSPA because this conduct represents the use of illegal measures in an attempt to collect on a debt.

66. Duke also received an unfair advantage over local debt collectors who follow the law and go to the cost and expense of attaining compliance with Utah's laws.

67. Duke purposefully engaged in these activities knowingly and intentionally to harm consumers and gain an advantage over its competitors.

68. Plaintiffs seek a declaration on behalf of the Plaintiff class members, that since Duke was acting unlawfully as an unlicensed collection agency, Duke did not have legal standing to obtain any judgment in Utah Courts against Plaintiff's Class Members and those judgments should be declared (i) void and unenforceable and (ii) Duke should not be entitled to collect any sums on those judgments or debts related to the Plaintiff Class members.

69. Duke should be ordered to disgorge all sums collected on a judgment amounts from Plaintiff Class members that Duke obtained as a result of the judgments entered improperly against Plaintiffs while it acted illegally as a collection agency without a license.

70. Duke should be enjoined from attempting to collect any judgment amounts entered improperly against the Plaintiff Class Members in its favor, while it acted illegally as a collection agency without a license.

71. Alternatively a declaration that Duke is not entitled to the assistance of any Utah court to enforce the principal amount due under any judgment Duke obtained improperly.

72. Named Plaintiffs are also entitled to statutory damages of $2,000 under the Utah Consumer Sales Practice Act for the harm caused by Duke's unlawful attempts to collect on a debt.

### THIRD CLAIM FOR RELIEF
*(Individual and Class Claim for Declaratory Judgment and Injunctive Relief)*

73. Plaintiffs incorporate the foregoing allegations.

74. Plaintiffs seek a declaration on behalf of the Plaintiff Class Members, that since Duke

11

was acting unlawfully as an unlicensed collection agency, Duke did not have legal standing to obtain any judgment in Utah Courts against Plaintiff's Class Members and those judgments should be declared (i) void and unenforceable and (ii) Duke should not be entitled to collect any sums on those judgments or debts related to the Plaintiff Class Members.

75. Duke should be ordered to disgorge all sums collected on a judgment amounts from Plaintiff Class Members that Duke obtained as a result of the judgments entered improperly against Plaintiffs while it acted illegally as a collection agency without a license.

76. Duke should be enjoined from attempting to collect any judgment amounts entered improperly against the Plaintiff Class Members in its favor, while it acted illegally as a collection agency without a license.

77. Alternatively, a declaration that the Duke is not entitled to the assistance of any Utah court to enforce the principal amount due under any judgment Duke obtained improperly.

**<u>FOURTH CLAIM FOR RELIEF</u>**
*(Individual Claims for Intrusion upon Seclusion)*

78. Plaintiffs incorporate the foregoing allegations.

79. It was unlawful for Duke to pursue debt collection through lawsuits without a license.

80. It was unlawful for Duke to obtain judgments against Utah residents without a license.

81. It was unlawful for Duke to pursue garnishment on void judgments against Utah residents.

82. Duke served these writs of garnishments on Plaintiffs' employers.

83. Serving garnishments on Plaintiffs' employers constituted an intrusion upon Plaintiffs' seclusion.

12

84. Serving garnishments on Plaintiffs' banks constituted an intrusion upon Plaintiffs' seclusion.

85. It was highly offensive for Plaintiffs to have their employers and banks served with unlawful garnishments evidencing void judgments.

## CLASS ALLEGATIONS

86. Plaintiffs bring this claim on behalf of three classes pursuant to Rule of Civil Procedure 23(a) and 23(b)(3).

87. The "FDCPA Class" consists of (a) all individuals in Utah (b) against whom Duke (c) filed a lawsuit seeking to collect a debt (e) which litigation was commenced in the (1) year period immediately preceding the filing of this complaint.

88. The "UCSPA Class" consists of (a) all individuals in Utah (b) against whom Duke (c) filed a lawsuit seeking to collect a debt (e) which litigation was commenced in the (4) year period immediately preceding the filing of this complaint.

89. The "Equitable Relief Class" consists of (a) all individuals in Utah (b) against whom Duke (c) filed a lawsuit, pursued garnishment, or collected pursuant to a negotiated in an effort collect a debt (e) which litigation was commenced in the (4) year period immediately preceding the filing of this complaint.

90. On information and belief, the classes are so numerous that joinder of all members is not practicable. The information relating to the precise number of persons who fall within the respective classes is within the control of Duke.

91. There are questions of law and fact common to the members of each class, which common questions predominate over any questions relating to individual class members. The predominant common questions are (a) whether Duke could lawfully pursue litigation in

13

Utah without the necessary collection license; (b) whether pursuing litigation in an effort to collect a debt without the necessary collection license constitutes a violation of the Utah Consumer Sales Practices Act; (c) whether the same practice constitutes a violation of the Fair Debt Collection Practices Act; and (d) whether such practices resulted in unjust enrichment to Defendant.

92. Plaintiffs' claims are typical of the claims of the respective class members. All are based on the same factual and legal theories.

93. Plaintiffs will fairly and adequately represent the members of each class. Plaintiffs have retained counsel experienced in consumer class actions and FDCPA litigation.

94. A declaration of law and injunctive relief is appropriate for the members of the Utah Class.

95. A class action is superior for the fair and efficient adjudication of the claims of the classes, in that:

    a.   Individual actions are not economically feasible;

    b.   Members of the class are likely to be unaware of their rights;

    c.   Utah's legislature intended class actions to be an enforcement mechanism under the UCSPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiffs and Plaintiffs' Class Members and against Duke, as well as:

    (1)  Certify the FDCPA Class and appoint Plaintiffs as the class representative and their counsel as class counsel;

    (2)  Certify the UCSPA Class and appoint Plaintiffs as the class representative and their counsel as class counsel;

14

(3) Certify the Equitable Relief Class and appoint Plaintiffs as the class representatives and their counsel as class counsel;

(4) Award the FDCPA Class statutory damages and actual damages consisting of any amount collected by the Duke;

(5) Award the UCSPA Class statutory damages and actual damages consisting of any amount collected by the Duke;

(6) Grant the UCSPA Class damages, declaratory, and injunctive relief against Duke to stop Duke from harming consumers and providing them with an unfair advantage over its competitors by engaging in collection efforts without a license; including a preliminary and permanent injunction;

(7) Grant the Equitable Relief Class damages, declaratory, and injunctive relief against Duke voiding judgments and settlement negotiated while Duke was unlicensed and stopping Duke from harming consumers by engaging and benefiting from collection efforts without a license; including a preliminary and permanent injunction;

(8) Award Plaintiffs their actual or statutory damages in an amount to be determined at trial;

(9) Award Attorneys' fees, litigation expenses, and cost of suit; and

(10)    Award such other and further relief as the Court deems proper.

DATED: March 10th, 2020.

BACZYNSKI LAW, PLLC

/s/      Daniel Baczynski
Attorneys for Plaintiffs and Class Members

15