# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| SARAH CASTILLO; VICTORIA SVENSSON; and ROBIN BEAN,<br><br>On Behalf of Plaintiffs and Class,<br><br>v.<br><br>DUKE CAPITAL, LLC,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:20-cv-00229-JNP-JCB<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

District Judge Jill N. Parrish referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2]

Before the court are two motions: (1) Plaintiffs Sarah Castillo, Victoria Svensson, and Robin Bean's ("Plaintiffs") Motion for Initial Scheduling Conference[3]; and (2) Defendant Duke Capital, LLC's ("Duke Capital") Motion for Scheduling Order.[4] The court held a scheduling conference related to these motions on August 17, 2023.[5] After hearing argument from counsel, the court took both motions under advisement. Based upon the analysis set forth below, the court

---

[1] ECF No. 9.

[2] ECF No. 13.

[3] ECF No. 54.

[4] ECF No. 56.

[5] ECF No. 57.

denies Plaintiffs' Motion for Initial Scheduling Conference[6] without prejudice and grants in part and denies in part Duke Capital's Motion for Scheduling Order.[7]

## BACKGROUND

Plaintiffs initiated this action against Duke Capital on behalf of themselves and a class of Utah residents in the Third District Court in Salt Lake County, Utah on March 11, 2020.[8] Plaintiffs allege multiple causes of action arising under the Fair Debt Collection Practices Act,[9] as well as the Utah Consumer Sales Practices Act,[10] and allege that violations of these laws resulted in unjust enrichment to Duke Capital.[11] Duke Capital removed the case to this court on April 6, 2020.[12] Plaintiffs filed an amended complaint on April 10, 2020, which added a third named plaintiff.[13] On July 30, 2020, the court ordered the parties to propose a schedule.[14] On August 7, 2020, Duke Capital filed a motion to compel arbitration[15] and, that same day, the parties filed a stipulated motion to stay scheduling until resolution of the motion to compel

---

[6] ECF No. 54.
[7] ECF No. 56.
[8] ECF No. 2 at 1.
[9] 15 U.S.C. § 1692.
[10] Utah Code Ann. § 13-11-2.
[11] ECF No. 2-2 at 16.
[12] ECF No. 2.
[13] ECF No. 5.
[14] ECF No. 15.
[15] ECF No. 17.

arbitration.[16] The court granted the motion to stay scheduling pending resolution of the motion to compel arbitration[17] but later denied the motion to compel arbitration.[18]

The parties then submitted a stipulated motion for initial scheduling conference, indicating that they had been unable to reach an agreement regarding a scheduling order.[19] Therein, Duke Capital requested that the court delay entering a scheduling order in this case and allow Duke Capital to first file a motion for summary judgment that would argue the following: (1) judgments in the underlying collection lawsuits bar this case under claim preclusion; and (2) a Utah Collection Agency Act violation cannot establish a Utah Consumer Sales Practice Act claim.[20] Duke Capital directed the court to a case that it believed was "identical"[21] to this one, *McMurray v. Forsythe Fin., LLC*.[22] Plaintiff Richard McMurray ("Mr. McMurray") appealed Judge Stewart's order granting Defendant Forsythe Finance's ("Forsythe") motion for summary judgment to the Court of Appeals for the Tenth Circuit.[23]

In the first motion for initial scheduling order, Duke Capital stated that, if affirmed by the Tenth Circuit, *McMurray* should resolve this case.[24] Accordingly, Duke Capital asserted that it

---

[16] ECF No. 21.
[17] ECF No. 23.
[18] ECF No. 36.
[19] ECF No. 37.
[20] *Id.* at 2.
[21] *Id.*
[22] No. 1:20-CV-00008-TS, 2021 WL 83265, at *1 (D. Utah Jan. 11, 2021).
[23] ECF No. 39, No. 1:20-CV-00008-TS; *McMurray v. Forsythe Fin., LLC*, No. 21-4014 (10th Cir. filed Feb. 4, 2021).
[24] ECF No. 37 at 2.

would likely move to stay the case after filing a motion for summary judgment.[25] Plaintiffs requested that the court enter a scheduling order to allow the case to move forward even if a dispositive motion were filed.[26] The court held an initial scheduling conference with the parties on May 18, 2021.[27] After hearing from counsel, the court found a stay of the litigation pending a final decision by the Tenth Circuit in *McMurray* appropriate under the circumstances.[28] The court ordered the parties to file a motion to address all case management and scheduling-related matters that remain within 7 days after the *McMurray* decision is released.[29]

The Tenth Circuit issued a decision and order in *McMurray* on August 1, 2023, finding that Mr. McMurray's claims were barred by the doctrine of claim preclusion, therefore affirming Judge Stewart's order granting summary judgment.[30] On August 15, 2023, Mr. McMurray filed a petition for rehearing.[31] As of the date of this order, the Tenth Circuit has not issued a mandate on the petition for rehearing. After the Tenth Circuit issued a decision in *McMurray*, the court ordered the parties in this case to file a motion with the court to address all case management and scheduling related matters.[32] In response, Plaintiffs filed a second motion for initial scheduling

---

[25] *Id.*

[26] *Id.* at 3-5.

[27] ECF No. 40.

[28] ECF No. 41.

[29] *Id.*

[30] ECF No. 52; No. 21-4014, 2023 WL 4881446 (10th Cir. filed Aug. 1, 2023).

[31] ECF No. 010110903713, No. 21-4014 (10th Circuit filed Aug. 15, 2023).

[32] ECF No. 53.

conference,[33] and Duke Capital filed a motion for scheduling order.[34] The parties disagree about whether *McMurray* is controlling and dispositive of all issues in this case.[35] Duke Capital argues that no further scheduling deadlines are necessary in light of *McMurray* and requests the court enter a briefing schedule for a dispositive motion.[36] Plaintiffs argue that permitting minimal class discovery and an expedited class certification motion would allow the court to resolve class certification prior to ruling on the merits of this case and, therefore, request that the court enter a scheduling order notwithstanding Duke Capital's potential dispositive motion.[37]

## ANALYSIS

The court concludes that (I) good cause exists to delay entering a scheduling order in this case until the Tenth Circuit resolves Mr. McMurray's petition for rehearing; and (II) good cause exists to delay issuing a scheduling order if the Tenth Circuit denies Mr. McMurray's petition for rehearing. After discussing both above-mentioned issues, the court orders Duke Capital to file its dispositive motion within 14 days after the Tenth Circuit issues a decision denying Mr. McMurray's petition for rehearing or an *en banc* decision affirming the panel's decision. If the Tenth Circuit reverses the panel's decision after rehearing *en banc*, the court also provides instructions for how further litigation scheduling should proceed.

---

[33] ECF No. 54.

[34] ECF No. 56.

[35] ECF Nos. 54, 56.

[36] ECF No. 56.

[37] ECF No. 54 at 3.

I. **Good Cause Exists to Delay Entering a Scheduling Order Until the Tenth Circuit Resolves Mr. McMurray's Petition for Rehearing.**

The court must issue a scheduling order as soon as practicable, unless the court finds good cause to delay issuing a scheduling order.[38] Given that this action has already been stayed since May 21, 2021 pending a final decision by the Tenth Circuit in *McMurray*, the court finds good cause to further delay entering a scheduling order in this case until the Tenth Circuit resolves Mr. McMurray's petition for rehearing. Given the parties' course of conduct to this point, the court finds no reason to enter a schedule while issues remain unresolved in *McMurray*. Therefore, Plaintiffs' Motion for Initial Scheduling Conference[39] is denied without prejudice. If the Tenth Circuit grants a rehearing *en banc* in McMurray, and if this *en banc* decision reverses course, the parties shall file a motion for scheduling conference within 7 days of the Tenth Circuit's mandate remanding the action to this court. The parties can resubmit a motion for scheduling conference if the Tenth Circuit grants a rehearing *en banc* in *McMurray*.

II. **Good Cause Exists to Delay Entering a Scheduling Order if the Tenth Circuit Denies Mr. McMurray's Petition for Rehearing.**

If the Tenth Circuit denies Mr. McMurray's petition for rehearing, the court concludes there is good cause to delay entering a scheduling order in this case to allow Duke Capital to pursue a dispositive motion. If *McMurray* stands, then there is at least a fair likelihood that the class representatives' claims in this case would not survive given the similarity of their posture to the plaintiff in *McMurray*. If Judge Parrish were to determine that *McMurray* is dispositive of the claims in this action, then allowing class discovery and a class certification motion would be

---

[38] Fed. R. Civ. P. 16(b)(2).
[39] ECF No. 54.

futile. Below, the court summarizes the Tenth Circuit's ruling in *McMurray* and concludes that, if the Tenth Circuit denies Mr. McMurray's petition for rehearing, there is a reasonable likelihood that Judge Parrish might dismiss this action, which would render any class certification unnecessary.

  Mr. McMurray entered into an agreement with CarFinance Capital, LLC ("CarFinance") to buy a vehicle through installment payments, for which the vehicle itself served as collateral.[40] Mr. McMurray defaulted, and the repossession and sale of his vehicle left a deficiency balance.[41] Forsythe bought the debt from CarFinance and sued Mr. McMurray in Utah state court after he failed to pay the debt.[42] Mr. McMurray filed an answer but did not reply to Forsythe's motion for summary judgment, which resulted in a default judgment in Forsythe's favor.[43] Mr. McMurray then brought a putative class action in Utah state court, alleging that Forsythe was not licensed as a collection agency when it attempt to collect his debt.[44] The action was removed to this court. Forsythe then sought summary judgment on Mr. McMurray's claims.[45] In granting Forsythe's motion for summary judgment, the court held that Mr. McMurray's claims were barred by the doctrine of claim preclusion based on the earlier collection action in state court.[46]

---

[40] No. 1:20-CV-00008-TS, 2021 WL 83265, at *1 (D. Utah Jan. 11, 2021).
[41] *Id.*
[42] *Id.*
[43] *Id.*
[44] *Id.*
[45] *Id.*
[46] *Id.* at *3-4.

Mr. McMurray appealed the district court's ruling and the Tenth Circuit affirmed.[47] The court concluded that Mr. McMurray's claims arose at the time Forsythe's complaint was filed in Utah state court.[48] Consequently, Mr. McMurray's federal claims had to be precluded because, if the federal court granted him relief, then the federal disposition in Mr. McMurray's favor would nullify the Utah court's judgment in favor of Forsythe in which Mr. McMurray purposefully refused to participate.[49] Such an outcome is precisely what the doctrine of claim preclusion is designed to avoid.

Similarly, here, Plaintiffs—who are also the class representatives for any class action—were all subject to a default judgment in state court for debt collection and are now raising the exact claims against Duke Capital in federal court that the *McMurray* plaintiff raised in their federal lawsuit that the Tenth Circuit held was barred under claim preclusion. This is not only significant to Plaintiffs' individual claims but also as to any class action claims because under Fed. R. Civ. P. 23(a)(3), "One or more members of a class may sue or be sued as representative parties on behalf of all members only if . . . the claims or defenses of the representative parties are typical of the claims and defenses of the class." This means that if *McMurray* carries the day, the three named plaintiffs in this case cannot serve as class representatives because they are identically situated to Mr. McMurray, and their claims will be dismissed. Accordingly, if *McMurray* applies to this action, both Plaintiffs' individual claims and class claims are doomed.

---

[47] No. 21-4014, 2023 WL 4881446, at *1 (10th Cir. filed Aug. 1, 2023).

[48] *Id.* at *4.

[49] *Id.*

8

This warrants a stay of this action until Judge Parrish rules on whether *McMurray* is dispositive of this entire action.

The fact that one Tenth Circuit holding might be dispositive of this entire action distinguishes this case from this court's decision in *Boulder Falcon, LLC v. Brown*, which Plaintiffs' cite for the proposition that entering a scheduling order to move the case forward is appropriate notwithstanding a pending dispositive motion.[50] In *Boulder Falcon*, the court concluded that the Brown Defendants' claim that it was "likely" that their dispositive motion would be successful was an assumption that was inadequate to justify imposing a stay of discovery.[51] The Brown Defendants also asserted that, even if their motion was not dispositive of the case, it would likely simplify the issues by narrowing the scope of discovery if certain claims were dismissed.[52]

However, unlike in *Boulder Falcon*,[53] there is a *singular* legal dispute in this action that is potentially dispositive of *all* issues in this case: both Plaintiffs' individual claims and any similarly situated class claims. Whereas the Brown Defendants' motion to stay discovery speculated that discovery would not continue, or would at least be narrowed in scope, if the court granted their dispositive motion, here, class discovery cannot occur if no class representatives

---

[50] No. 2:22-CV-00042-JNP-JCB, 2022 WL 1202698, at *1.

[51] *Id.* at *3.

[52] *Id.* at *1.

[53] In their motion to dismiss, the Brown Defendants sought dismissal of all of Boulder Falcon's claims for lack of subject matter jurisdiction. Alternatively, the Brown Defendants sought dismissal of several of Boulder Falcon's claims for failure to state claims upon which relief can be granted. As another alternative, the Brown Defendants sought dismissal of all of Boulder Falcon's claims for improper venue or transfer of venue to the United States District Court for the Northern District of Georgia. *Id.* at *1.

survive the *McMurray* holding. Accordingly, if the Tenth Circuit denies Mr. McMurray's petition for rehearing, the court concludes there is good cause to delay entering a scheduling order in this case and, instead, Duke Capital may proceed with a dispositive motion before Judge Parrish.

**III.     Duke Capital Shall File a Dispositive Motion Within 14 Days After the Tenth Circuit Issues a Mandate that Denies Mr. McMurray's Petition for Rehearing.**

In Duke Capital's Motion for Scheduling Order,[54] Duke Capital moves the court for an order setting a briefing schedule for a dispositive motion. The court grants in part and denies in part Duke Capital's motion. The court denies Duke Capital's proposed briefing schedule because it did not contemplate the pending petition for rehearing *en banc* now pending before the Tenth Circuit. Accordingly, the court orders Duke Capital to file a dispositive motion within 14 days after the Tenth Circuit issues a decision that *denies* Mr. McMurray's petition for rehearing. Plaintiffs shall file their response to Duke Capital's motion within 28 days after service of the motion.[55] Duke Capital's reply in support of its motion, if any, shall be filed within 14 days after service of Plaintiffs' response.[56] If the Tenth Circuit grants the petition for rehearing *en banc* in *McMurray*, then the case remains stayed until the Tenth Circuit issues its decision. If that *en banc* decision reverses course, then the above-referenced briefing schedule is rescinded, and the parties are directed file a motion for scheduling conference within 7 days of the Tenth Circuit's mandate remanding the action to this Court.

---

[54] ECF No. 56.

[55] DUCivR 7-1(a)(4)(B)(iii).

[56] DUCivR 7-1(a)(4)(B)(iv).

## CONCLUSION AND ORDER

Based upon the foregoing analysis, it is HEREBY ORDERED:

1. Plaintiffs' Motion for Initial Scheduling Conference[57] is denied without prejudice.

2. Duke Capital's Motion for Scheduling Order[58] is granted in part and denied in part.

3. Duke Capital shall file a dispositive motion within 14 days after the Tenth Circuit issues a decision that *denies* Mr. McMurray's petition for rehearing.

4. If the Tenth Circuit *grants* the petition for rehearing *en banc* in *McMurray*, then this case remains stayed until the Tenth Circuit issues its decision.

5. If the Tenth Circuit's *en banc* decision reverses course, then the above-referenced briefing schedule is rescinded, and the parties are directed to file a motion for scheduling conference within 7 days of the Tenth Circuit's mandate remanding *McMurray* to this court.

IT IS SO ORDERED.

DATED this 25th day of August 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[57] ECF No. 54.

[58] ECF No. 56.