David J. Hanus, (Wisconsin Bar No. 1027901) *Pro Hac Vice*
Hinshaw & Culbertson LLP
100 East Wisconsin Avenue, Suite 2600,
Milwaukee, WI 53202
Tel: 414-225-4807
Fax: 414-276-9220
dhanus@hinshawlaw.com

Gregory M. Constantino, (6853 UT)
Constantino Law Office, P.C.
8537 South Redwood Road, Suite D
West Jordan, UT 84088
(801) 748-4747 or (877) 318-4747
Fax: (801) 748-4713
greg@constantinolaw.com

Attorneys for Defendant DUKE CAPITAL, LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SARAH CASTILLO, VIKTORIA SVENSSON, and ROBIN BEAN,<br><br>Plaintiffs,<br>vs.<br><br>DUKE CAPITAL, LLC,<br><br>Defendant. | **DEFENDANT DUKE CAPITAL, LLC'S RULE 56(a), (c) MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT THEREOF**<br><br>Case No.: 1:20-cv-00229-JNP-JCB<br>District Judge: Jill N. Parrish<br>Magistrate Judge: Jared C. Bennett |

Plaintiffs Sarah Castillo, Viktoria Svensson, and Robin Bean claim that Defendant Duke Capital, LLC ("Duke") violated the Fair Debt Collection Practices Act ("FDCPA") and the Utah Consumer Sales Practices Act ("UCSPA") while attempting to recover debts from them in 2019. For the reasons stated below, Duke moves for summary judgment dismissing all of Plaintiffs' claims with prejudice and with costs, pursuant to Fed. R. Civ. P. 56(a), (c) and DUCivR 56-1.

## INTRODUCTION AND RELIEF SOUGHT

Plaintiffs claim that Duke violated the FDCPA and the UCSPA by filing lawsuits and pursuing garnishments against them in Utah (hereinafter "Collection Actions") without first registering in the state as a collection agency, pursuant to a then-existing provision of the Utah Collection Agency Act ("UCAA"). The statute, former Utah Code Ann. § 12-1-1, provided:

> No person shall conduct a collection agency, collection bureau, or collection office in this state, or engage in this state in the business of soliciting the right to collect or receive payment for another of any account, bill, or other indebtedness, or advertise for or solicit in print the right to collect or receive payment for another of any account, bill, or other indebtedness, unless at the time of conducting the collection agency, collection bureau, collection office, or collection business, or of advertising or soliciting, that person or the person form whom he may be acting as agent, is registered with the Division of Corporations and Commercial Code and has on file a good and sufficient bond as hereinafter specified.[1]

Duke is an out-of-state debt buyer with no employees, offices, operations, or other physical presence or advertisements in Utah.[2] Duke hired Utah legal counsel to file suit against Plaintiffs to recover certain debts between January and July 2019, a time period in which Duke was not registered with the Utah Division of Corporations and Commercial Code and did not have a bond as described in the UCAA.[3] Plaintiffs assert that Duke's actions not only constituted "unfair and deceptive acts" in violation of the FDCPA and a "deceptive and unconscionable act" in violation of the UCSPA, but also give rise to common law claims for intrusion upon seclusion and unjust

---

[1] The Utah State Legislature repealed Utah Code § 12-1-1, as well as most of Title 12, which governs collection agencies, on May 3, 2023. The former sections of Title 12, along with the House bill repealing them, are available at https://le.utah.gov/~2023/bills/static/HB0020.html (last visited September 20, 2023). Duke denies that former Section 12-1-1 applied in this case, as discussed in detail below, but admits that all the repealed sections of Title 12 were in effect at all times relevant here. This motion will refer to any such sections cited herein as "former" provisions of Title 12.

[2] (App. of Evidence Ex. 2 ¶¶ 3-10.)

[3] (*Id.* Ex. 1 at ¶¶ 24-25, 36-37, 49-50; Ex. 2 at ¶¶ 6-8.)

1029840\314733099.v1

enrichment.[4] Plaintiffs seek a declaration to that effect and ask that the judgments against them (or any purported class members) be deemed "void and unenforceable" and that Duke be ordered to disgorge "all sums collected" on such judgments.[5]

Plaintiffs' claims fail and must be dismissed for several reasons. First, as a threshold matter, the UCAA did not apply to Duke, which does not "conduct a collection agency, collection bureau, or collection office" in Utah or engage in the business of advertising or soliciting the right to collect debts for others in the state as described in former Section 12-1-1.[6] Because Duke therefore was not required to register or file a bond under the UCAA, its alleged failure to do so cannot be the basis for any of Plaintiffs' purported claims under the FDCPA, the UCSPA, or common law. At least one Utah court has held that the UCAA did not apply to out-of-state debt buyers and granted summary judgment dismissing such claims.[7] This Court should do the same.

Second, even if the UCAA applied to Duke, all of Plaintiffs' claims would be barred by Utah's doctrine of claim preclusion, as they are all based on the same transactions underlying the Collection Actions and should have been brought in those proceedings.[8] This Court already reached that conclusion in nearly identical circumstances in *McMurray v. Forsythe Finance, LLC*, and the Tenth Circuit Court of Appeals agreed.[9] The result should be the same here.

---

[4] (*Id.* Ex. 1 at ¶¶ 60, 75, 88-102.)

[5] (*Id.* Ex. 1 at ¶¶ 78-82.)

[6] (*Id.* Ex. 2 at ¶¶ 3-10.)

[7] *See Meneses v. Salander Enters., LLC*, Salt Lake County Case No. 200901992 (Utah Third Judicial Dist. Ct. Sept. 3, 2021) (unreported), *appeal docketed*, No. 20210720 (Utah Ct. App. Oct. 20, 2021). A courtesy copy of Utah district court Judge Kara Pettit's order granting summary judgment is attached hereto.

[8] *See Haik v. Salt Lake City Corp.*, 2017 UT 14, ¶ 11, 393 P.3d 285, 289; *Moss v. Parr Waddoups Brown Gee & Loveless*, 2012 UT 42, ¶ 23, 285 P.3d 1157, 1164.

[9] *McMurray v. Forsythe Fin., LLC*, 2021 U.S. Dist. LEXIS **8-11 (D. Utah Jan. 11, 2021) (granting summary judgment dismissing FDCPA and UCSPA claims based upon defendant's lack of registration under UCAA, holding that such claims existed at the time the complaints in the

1029840\314733099.v1

Third, the issue of Duke's standing to bring suit was fully litigated and decided in the underlying Collection Actions, such that all of Plaintiffs' claims are also barred by Utah's doctrine of issue preclusion.[10]

Finally, even if the UCAA applied and Plaintiffs' claims were not precluded, this Court has consistently noted that the UCAA provided only criminal penalties for noncompliance with former Section 12-1-1,[11] such that a violation of the statute cannot support a private right of action under state law in the circumstances of this case.[12] Utah state courts have reach similar conclusions.[13] Thus, even if the FDCPA claim could somehow survive summary judgment— which it cannot—Plaintiffs' UCSPA and state common law claims must be dismissed in any event.

For these reasons, as set forth in detail below, Duke respectfully requests that Plaintiffs' complaint be dismissed with prejudice and with costs, pursuant to Fed. R. Civ. P. 56(a), (c) and DUCivR 56-1, together with any other relief that this Court deems just and equitable.

---

underlying collection actions were filed, and thus could and should have been brought in the earlier actions), *aff'd*, 2023 U.S. App. LEXIS 19740 (10th Cir. Aug. 1, 2023) (unpublished), *rehearing en banc denied*, 2023 U.S. App. LEXIS 24183 (10th Cir. Sept. 12, 2023).

[10] *See Moss*, 2012 UT 42 at ¶ 23.

[11] Former Utah Code § 12-1-6.

[12] *See, e.g., McMurray*, 2021 U.S. Dist. LEXIS 5815 at **5-7; *Buhler v. BCG Equities, LLC*, 2020 U.S. Dist. LEXIS 32129, **11-15 (D. Utah Feb. 24, 2020) (unreported), *reconsideration denied*, 2020 U.S. Dist. LEXIS 77265, **3-8 (D. Utah Apr. 30, 2020) (unreported); *Ayres v. Portfolio Recovery Assocs., LLC*, 2018 U.S. Dist. LEXIS 192315, *6 (D. Utah Nov. 8, 2018) (unreported), *reconsideration denied*, 2018 U.S. Dist. LEXIS 216936 (D. Utah Dec. 20, 2018) (unreported); *Gunther v. Midland Credit Mgmt, Inc.*, 2018 U.S. Dist. LEXIS 166654, **22-24 (unreported) (D. Utah Sept. 26, 2018).

[13] *Meneses*, Salt Lake County Case No. 200901992; *Lebaron v. Doctors & Merchants Credit, Inc.*, Iron County Case No. 200500113 (Utah Fifth Judicial Dist. Ct. July 2, 2021) (unreported), *appeal docketed*, No. 20210518 (Utah Ct. App. Aug. 20, 2021); *Archuleta v. Wakefield & Assocs., Inc.*, Salt Lake County Case No. 190101035 (Utah Third Judicial Dist. Ct. Oct. 7, 2019) (unreported); *Haskell v. Wakefield & Assocs., Inc.*, Tooele County Case No. 180301531 (Utah Third Judicial Dist. Ct. May 16, 2019) (unreported), *reversed on other grounds in Haskell v. Wakefield & Associates, Inc.*, 2021 UT App 123, 500 P.3d 950. Courtesy copies of these cases are attached.

4

## STATEMENT OF UNDISPUTED MATERIAL FACTS

### A. Background

1.      Plaintiff are all individuals and were residents of Utah at all times relevant.[14]

2.      Duke is a limited liability company with its principal office located in Brookfield, Wisconsin.[15]

3.      Duke does not own, maintain, or operate a physical office in the State of Utah and has never done so.[16]

4.      Duke does not have and has never had any officers or employees located in the State of Utah.[17]

5.      Duke's business includes the purchase of debts.[18]

6.      Duke itself does not collect or attempt to collect any of the debts it purchases that are owed by Utah residents.[19]

7.      Instead, Duke hires Utah legal counsel to file lawsuits  on its behalf to recover amounts owed to Duke by Utah debtors.[20]

8.      Duke does not collect or receive payments for others of any accounts, bills, or other indebtedness in the State of Utah and has never done so.[21]

---

[14] (App. of Evidence Ex. 1 at ¶ 4.)
[15] (*Id.* Ex. 2 at ¶ 3.)
[16] (*Id.* Ex. 2 at ¶ 4.)
[17] (*Id.* Ex. 2 at ¶ 5.)
[18] (*Id.* Ex. 2 at ¶ 6.)
[19] (*Id.* Ex. 2 at ¶ 7.)
[20] (*Id.* Ex. 2 at ¶ 8.)
[21] (*Id.* Ex. 2 at ¶ 9.)

1029840\314733099.v1

9.      Duke does not advertise for or solicit in print the right to collect or receive payments for others of any accounts, bills, or other indebtedness in the State of Utah and has never done so.[22]

10.     Duke purchased debts owed by each of the Plaintiffs.[23]

**B.      The Collection Actions**

11.     Through Utah legal counsel, Duke brought suit against Ms. Castillo in the Utah Second Judicial District Court, Weber County, Ogden Department, Case No. 190901319 (the "Castillo Action"), on February 4, 2019.[24]

12.     The complaint in the Castillo Action was served on Ms. Castillo on March 3, 2019.[25]

13.     Through Utah legal counsel, Duke brought suit against Ms. Svensson in the Utah Third Judicial District Court, Salt Lake County, Salt Lake Department, Case No. 199901732 (the "Svensson Action"), on January 11, 2019.[26]

14.     The complaint in the Svensson Action was served on Ms. Svensson on January 26, 2019.[27]

15.     Through Utah legal counsel, Duke brought suit against Ms. Bean in the Utah Second Judicial District Court, Weber County, Ogden Department, Case No. 190904017 (the "Bean Action"), on June 20, 2019.[28]

16.     The complaint in the Bean Action was served on Ms. Bean on July 2, 2019.[29]

-----

[22] (*Id.* Ex. 2 at ¶ 10.)
[23] (*Id.* Ex. 1 at ¶ 8.)
[24] (*Id.* Ex. 1 at ¶ 24, Ex. 3.)
[25] (*Id.* Ex. 4.)
[26] (*Id.* Ex. 8.)
[27] (*Id.* Ex. 9.)
[28] (*Id.* Ex. 14.)
[29] (*Id.* Ex. 15.)

1029840\314733099.v1

17.    In each of the complaints in the Collection Actions, Duke asserted that it: (1) purchased the debts owed by Plaintiffs; (2) had "the same right to collect the account as was previously held by" the original creditors; (3) had demanded payment of the debts, which Plaintiffs failed to do; and (4) was "entitled to a judgment" against each of the Plaintiffs for the subject debts.[30]

18.    When Ms. Castillo and Ms. Bean failed to answer the complaints in the Castillo Action and Bean Action, respectively, Duke obtained default judgments against each of them.[31]

19.    Ms. Svensson appeared *pro se* and filed an answer denying most of the allegations in the complaint in the Svensson Action on February 18, 2019.[32]

20.    Duke thereafter filed a motion for summary judgment in the Svensson Action, asserting, among other things, that Duke had purchased and therefore had the right to payment of Ms. Svensson's debt, that Ms. Svensson had breached her obligation to pay, and that Duke was "entitled to a judgment" against her for the amount of the debt.[33]

21.    Duke's motion for summary judgment in the Svensson Action was served on Ms. Svensson on April 29, 2019.[34]

22.    Ms. Svensson did not oppose Duke's motion, and the Utah state court entered a judgment in Duke's favor on June 3, 2019.[35]

---

[30] (*Id.* Ex. 3 at ¶¶ 7-10, Ex. 8 at ¶¶ 8-10, Ex. 14 at ¶¶ 8-10.)
[31] (*Id.* Ex. 5, Ex. 6, Ex. 7, Ex. 16, Ex. 17, Ex. 18.)
[32] (*Id.* Ex. 10.)
[33] (*Id.* Ex. 11 at 2-5.)
[34] (*Id.* Ex. 11 at 5.)
[35] (*Id.* Ex. 12, 13.)

1029840\314733099.v1

23.     Duke subsequently sought to enforce the judgments against Plaintiffs via garnishment proceedings.[36]

24.     Duke was not registered with the Division of Corporations and Commercial Code and did not have a bond as described in former Utah Code § 12-1-1 when it brought suit against Plaintiffs and pursued garnishments against them.[37]

25.     Duke registered and obtained a bond as described in former Utah Code § 12-1-1 on October 9, 2019.

**C.     Plaintiffs' Class Action Complaint**

26.     Plaintiffs did not appeal or otherwise seek relief from the judgments against them, but instead commenced the current putative class action in the state district court for Salt Lake County on March 10, 2020.[38][39]

27.     Duke removed the case to this Court on April 4, 2020.[40]

28.     Plaintiffs filed an amended complaint soon thereafter.[41]

29.     Plaintiffs assert that Duke is a "collection agency, collection bureau, or collection office" under former Section 12-1-1 and was therefore required to register and file a bond pursuant to the UCAA.[42]

---

[36] (*Id.* Ex. 1 at ¶¶ 31-33, 43-45, 56.)
[37] (*Id.* Ex. 1 at ¶¶ 25, 37, 50.)
[38] (*Id.* Ex. 1 at ¶ 22.)
[39] (Doc. No. 2 Ex. B.)
[40] (Doc. No. 2.)
[41] (App. of Evidence Ex. 1.)
[42] (*Id.* Ex. 1 at ¶ 20.)

1029840\314733099.v1

30. Plaintiffs assert that because Duke was not registered and did not have a bond as described in the UCAA, Duke did not have legal standing to file the Collection Actions against them in Utah and was not entitled to recover the subject debts.[43]

31. As such, Plaintiff allege that Duke engaged in deceptive, unfair, and/or unconscionable acts in violation of the FDCPA and UCSPA and thereby intruded upon their seclusion and was unjustly enriched under common law.[44]

32. Plaintiffs also seek declaratory and injunctive relief as to the judgments and garnishments against them.[45]

33. Specifically, Plaintiffs seek, among other things, a declaration that Duke "did not have legal standing to obtain any judgment in Utah courts" and that any judgment Duke obtained against them or any putative class member while it was unregistered is void and unenforceable, such that Duke cannot collect on such judgment or must disgorge all sums collected.[46]

34. All of Plaintiffs' claims and demands for relief are based entirely on Duke's alleged failure to register with the Division of Corporations and Commercial Code and file a bond as described in former Utah Code § 12-1-1.[47]

Duke now respectfully moves for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[48] The party seeking summary judgment

---

[43] (*Id.* Ex. 1 at ¶ 22.)
[44] (*Id.* Ex. 1 at ¶¶ 60, 75, 88-102.)
[45] (*Id.* Ex. 1 at ¶¶ 84-87.)
[46] (*Id.*)
[47] (*See generally id.* Ex. 1 at ¶¶ 59-102.)
[48] Fed. R. Civ. P. 56(a).

1029840\314733099.v1

bears the burden of showing the absence of a genuine issue of material fact, but "the movant need not negate the nonmovant's claim."[49] Once the movant meets its initial burden, the nonmovant must bring forward specific facts showing a genuine issue for trial.[50] "A fact is 'material' if . . . it could have an effect on the outcome of the lawsuit," and a dispute is "genuine" if "a rational jury could find in favor of the nonmoving party on the evidence presented."[51]

## ARGUMENT

No genuine dispute exists as to any material fact in this case, and Duke is entitled to a judgment as a matter of law. As a threshold matter, former Utah Code § 12-1-1 did not apply to out-of-state debt buyers like Duke. Because Duke was not required to register or file a bond under the UCAA, its alleged failure to do so cannot be the basis of any claim under the FDCPA, the UCSPA, or common law. Moreover, even if Plaintiffs could assert any claims based upon Duke's alleged violation of the UCAA, such claims would be barred by the doctrines of claim and issue preclusion. Plaintiffs' alleged state law claims must be dismissed in any event because a failure to register under the UCAA carried only criminal penalties and did not create a private right of action.

**I.      THE UCAA'S LICENSING AND BONDING REQUIREMENTS DID NOT APPLY TO DUKE, WHOSE ALLEGED "NONCOMPLIANCE" WITH THE STATUTE CANNOT BE THE BASIS FOR ANY CLAIMS IN THIS CASE.**

Plaintiffs assert that Duke is liable under the FDCPA, UCSPA, and/or common law because it failed to register as a collection agency or file a bond pursuant to former Utah Code § 12-1-1 before bringing the Collection Actions against them in Utah.[52] The statute provided:

> No person shall conduct a collection agency, collection bureau, or collection office in this state, or engage in this state in the business

---

[49] *Navajo Nation Human Rights Comm'n v. San Juan County*, 281 F. Supp.3d 1136, 1158 (D. Utah 2017) (quoting *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996)).
[50] *Id.*
[51] *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013) (internal quotations omitted).
[52] (*See* App. of Evidence Ex. 1 at ¶¶ 60, 75, 88-102.)

> of soliciting the right to collect or receive payment for another of any account, bill, or other indebtedness, or advertise or solicit in print the right to collect or receive payment for another of any account, bill, or other indebtedness, unless at the time of conducting the collection agency, collection bureau, collection office, or collection business, or of advertising or soliciting, that person or the person for whom he may be acting as agent, is registered with the Division of Corporations and Commercial Code and has on file a good and sufficient bond as hereinafter specified.[53]

When interpreting a statute under Utah law, the "primary goal is to evince the true intent and purpose of the Legislature."[54] "The best indication of the legislature's intent is the plain and ordinary meaning of the statute's terms."[55] When interpreting statutory language, courts are to presume that the legislature drafted the statute so that each provision has independent meaning and is not merely surplusage.[56]

On its face, former Section 12-1-1 applied to three categories of individuals/entities: (1) those that conducted a "collection agency, collection bureau, or collection office" in Utah; (2) those that engaged in the business in Utah of "soliciting the right to collect or receive payment" of debts for others; and (3) those that advertised or solicited in print the right to collect or receive payment of debts for others.[57] Plaintiffs assert that Duke is a "collection agency, collection bureau, or collection office" under the first category.[58] As such, whether Duke was subject to and had to

---

[53] Former Utah Code § 12-1-1.

[54] _United States v. Rocky Mountain Power_, 2011 U.S. Dist. LEXIS 86965 *6 (D. Utah Aug. 4, 2011) (quoting _Duke v. Graham_, 2007 UT 31, ¶ 16, 158 P.3d 540)).

[55] _Anadarko Petroleum Corp. v. Utah State Tax Comm'n_, 2015 UT 25, ¶ 24, 345 P.3d 648.

[56] _Prog Holdings, Inc. v. Haroun_, 2023 U.S. Dist. LEXIS 49957 *10 (D. Utah March 22, 2023); _Lancer Ins. Co. v. Lake Shore Motor Coach Lines, Inc._, 2017 UT 8, ¶ 13, 391 P.3d 218 (explaining that Utah law includes a presumption "that each provision of a statute has meaning independent of all others," as well as "a reluctance to attribute to the legislature the intent to adopt a nullity—to enact a provision that says nothing not already stated elsewhere.").

[57] Former Utah Code § 12-1-1.

[58] (_See_ App. of Evidence Ex. 1 at ¶ 20.) Plaintiffs do not—and cannot—assert that Duke falls into either the second or third category. In fact, they specifically allege that Duke's business is to purchase and collect consumer debts owed to Duke, not to collect, or advertise or solicit the right

1029840\314733099.v1

comply with the former registration and bonding requirements of the UCAA depends upon whether Duke operated a collection agency, bureau, or office in Utah.

The UCAA did not define the term "agency," and no Utah appellate court has decided whether Section 12-1-1 applied to an out-of-state debt buyer like Duke that retains Utah counsel to collect debts it owns. In such circumstances, Utah federal and state courts often consider dictionary definitions to determine the plain and ordinary meaning of undefined terms.[59] Merriam-Webster defines "agency" as "an establishment engaged in doing business for another."[60] Although Utah courts have applied slightly different definitions in various circumstances, a common feature of an "agency" in any context is a relationship where one party acts on behalf of another.[61]

Duke did not engage in any business "for another" in this case, and Plaintiffs themselves do not claim otherwise. On its face, the Amended Complaint alleges that "Duke's business is to

---

to collect, on behalf of others. (*Id.* at ¶ 8.) Moreover, regardless of what Plaintiffs allege, the fact is that Duke does not collect or receive payments for others of any accounts, bills, or other indebtedness in the State of Utah and has never done so. (*Id.* Ex. 2 at ¶ 9.) Duke also does not advertise for or solicit in print the right to collect or receive payments for others of any accounts, bills, or other indebtedness in the State of Utah and has never done so. (*Id.* Ex. 2 at ¶ 10.)

[59] *See, e.g., J.H. v. Just For Kids, Inc.*, 248 F. Supp.3d 1210, 1220 (D. Utah 2017) (explaining that where a statute does not define its terms, "the plain or ordinary meaning of these terms may be discerned by resort to "commonly accepted dictionary definitions."); *Nichols v. Jacobsen Constr. Co.*, 2016 UT 19,¶ 17, 374 P.3d 3 (stating: "In looking to determine the ordinary meaning of nontechnical terms of a statute, our starting point is the dictionary.") (internal quotations and citations omitted).

[60]    *Agency*, Merriam-Webster online dictionary (*available at* https://www.merriam-webster.com/dictionary/agency) (last visited September 21, 2023).

[61] *See., e.g., Stamper v. Johnson*, 2010 UT 26, ¶ 18, 232 P.3d 514 (stating: "To be an agent, a person must be authorized by another to 'act on his behalf and subject to his control.'") (quoting *Gildea v. Guardian Title Co*., 970 P.2d 1265, 1269 (Utah 1998)); *Mallory v. Brigham Young Univ.*, 2012 UT App 242, ¶ 24, (noting that "agent" can be "used generally to refer to one who is authorized to act for or in place of another; a representative" and that "agency" is "often used in a broad sense to include parties who serve any intermediary function") (quoting *Black's Law Dictionary* 72 (9th ed. 2009) and Restatement (Third) of Agency § 1.01 cmt. B (2006) (internal quotations omitted)), *rev'd on other grounds in Mallory v. Brigham Young Univ.*, 2014 UT 27, 332 P.3d 922.

1029840\314733099.v1

acquire debts in default and then pursue collection of the debts."[62] In other words, Plaintiffs claim only that Duke tried to collect debts that Duke <u>itself owns</u>. Duke does not collect or seek to collect debts on behalf of others in the State of Utah and has never done so.[63] Duke therefore was not a "collection agency" subject to the registration and bonding requirements of the UCAA.[64]

Any attempt by Plaintiffs to argue alternatively that Duke conducted a collection "bureau" or collection "office" in Utah would not save their claims. As with "agency," the UCAA did not define the terms "bureau" or "office," but once again a simple reference to the dictionary demonstrates that Duke operated neither a "bureau" nor an "office" in this state.

First, "bureau" is defined as "a usually commercial agency that serves as an intermediary especially for exchanging information or coordinating activities."[65] Like "agency," this definition connotes a principal-agent relationship and/or services on behalf of third parties. As noted above, Duke does not collect or seek to collect debts on behalf of others, and any argument that Duke conducted a collection "bureau" in Utah must fail for the same reason as Plaintiffs' allegation that Duke conducted a collection "agency" in the state.

---

[62] (App. of Evidence Ex. 1 at ¶ 8.)

[63] (*Id.* Ex. 2 at ¶¶ 9, 10.)

[64] That the registration and bonding requirements of the UCAA were never intended to apply to individuals or entities collecting their own debts is also apparent on the face of the statute. The purpose of the bonding requirement is explained in Utah Code § 12-1-2(2), which states that "[t]he bond shall provide that the person giving it shall, upon written demand, remit the collection proceeds to or for the person for whom any account, bill, or other indebtedness is taken for collection in accordance with the collection agreement. The Division of Corporations and Commercial Code may specify the form of the bond and may require it to contain additional provisions and conditions it considers necessary or proper to protect the persons for whom the collection is undertaken." It would make no sense to require a creditor to post a bond to protect itself in collecting for itself.

[65] *Bureau*, Merriam-Webster online dictionary (*available at* https://www.merriam-webster.com/dictionary/bureau) (last visited September 21, 2023).

1029840\314733099.v1

Moreover, Duke also does not operate a collection "office" in Utah. Merriam-Webster defines "office" as "a place where a particular kind of business is transacted or a service is supplied, such as (a) a place in which the functions of a public officer are performed[;] (b) the directing headquarters or an enterprise or organization[;] [or] (c) the place in which a professional person conducts business."[66] Thus, an "office" is a place, and to be a "collection office" that was subject to former Utah Code § 12-1-1, that place had to be "in this state."[67] Duke is a Wisconsin limited liability company with its principal office located in Brookfield, Wisconsin.[68] Duke does not own, maintain, or operate a physical office in Utah and has never had any officers or employees located in the state.[69] Duke therefore cannot be considered as conducting a "collection office" in Utah without treating the phrase "in this state" as mere surplusage,[70] contrary to Utah's long-established canons of statutory interpretation.

Although this Court held that the former Section 12-1-1 applied to debt buyers in *Lawrence v. First Financial Investment Fund V, LLC*,[71] the Court's analysis in that case does not compel a conclusion that Duke conducted a collection agency, bureau, or office in Utah in the present action. Like Duke, the *Lawrence* defendant, First Financial, purchased debts owed by Utah residents and hired counsel to collect them on its behalf.[72] The plaintiff alleged that First Financial violated the FDCPA and UCSPA by having its lawyers file suit against her without first registering or posting

---

[66] *Office*, Merriam-Webster online dictionary (*available at* https://www.merriam-webster.com/dictionary/office) (last visited September 21, 2023).
[67] *See* former Utah Code § 12-1-1.
[68] (App. of Evidence Ex. 2 at ¶ 3.)
[69] (*Id.* Ex. 2 at ¶¶ 4-5.)
[70] *See Haroun*, 2023 U.S. Dist. LEXIS 49957 at *10; *Lancer Ins. Co.*, 2017 UT 8 at ¶ 13.
[71] 444 F. Supp.3d 1313 (D. Utah 2020).
[72] *Id.* at 1316-17.

1029840\314733099.v1

a bond under former Section 12-1-1.[73] First Financial sought summary judgment dismissing the plaintiff's claims on the basis that it was not a "collection agency," and therefore did not need to register or post a bond under the UCAA, because it did not seek to recover debts on behalf of third parties.[74] Judge Shelby agreed that First Financial was not a "collection agency" for that reason, but held that the company was nevertheless subject to the registration requirement because, in the Court's view, First Financial still fell within the statutory definition of a "collection office."[75] The Court reasoned that the term "collection office" had a broader meaning than "collection agency," explaining that the former phrase "suggests a business, the principal purpose of which is the collection of any account, bill, or other indebtedness," regardless of whether such debt is owed to the business or to others.[76]

Significantly, however, the Court in *Lawrence* never considered—because it was not asked to—the requirement in former Section 12-1-1 that the defendant "collection agency, collection bureau, or collection office" be "<u>in this state</u>."[77] Neither First Financial nor the plaintiff raised the issue of First Financial's physical presence (or lack thereof) in the State of Utah in any of their briefs.[78] As such, the Court focused solely on the question of whether the UCAA's former registration and bonding requirements extended to parties who sought to collect debts for themselves, without considering their location.[79] As noted above, at least one Utah court that has

---

[73] *Id.* at 1316.
[74] *Id.* at 1321-23.
[75] *Id.* at 1321-22.
[76] *Id.* at 1322.
[77] *See generally id.*; former Utah Code § 12-1-1.
[78] (*See* D. Utah Case No. 19-CV-00174, Doc. No. 16, Doc. No. 18, Doc. No. 21.)
[79] *See* <u>Lawrence</u>, 444 F. Supp.3d at 1319 (stating: "This case turns on whether the Registration Statute covers entities whose primary purpose is the purchase and collection of defaulted debts originally owed to others.").

1029840\314733099.v1

squarely considered the issue after *Lawrence* held in identical circumstances to this case that a wholly out-of-state debt buyer did not conduct a "collection agency, collection bureau, or collection office in this state within the meaning of Section 12-1-1" and granted summary judgment dismissing claims based upon the debt buyer's alleged failure to register or post a bond.[80] This Court should do the same.

If the Utah state legislature had wanted to require out-of-state debt buyers that do not have any physical presence in Utah and who seek to recover only their own debts to register with the Division of Corporations and Commercial Code and file a bond, it could or would have said so. Under the plain and ordinary meaning of former Section 12-1-1 as written, Duke was not subject to the statute and therefore had no obligation to register or file the bond described in the UCAA. As such, Duke's alleged "failure" to comply with the statute was not wrongful in any respect. Because all of Plaintiffs' alleged claims in this case are predicated on the meritless theory that Duke violated the UCAA, their Amended Complaint fails in its entirety and must be dismissed.

## II. EVEN IF FORMER UTAH CODE § 12-1-1 HAD APPLIED TO DUKE, ALL OF PLAINTIFFS' CLAIMS WOULD BE BARRED BY *RES JUDICATA*.

"The preclusive effect in federal court of a state judgment is determined by the state's preclusion rules."[81] In Utah, the doctrine of *res judicata* embraces two distinct theories: claim preclusion and issue preclusion.[82] Both theories are applicable in this case.

---

[80] *Meneses*, Salt Lake County Case No. 200901992, *appeal docketed*, No. 20210720 (Utah Ct. App. Oct. 20, 2021).

[81] *Cook v. Aagard*, 547 F. App'x 857, 859 (10th Cir. 2013); *see also Truman v. Orem City*, 2019 U.S. Dist. LEXIS 134341 **7-8 (D. Utah Aug. 8, 2019) (unreported) (stating that "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so" and that the federal court therefore "analyzes the preclusive effect of state court judgments under state law") (internal quotations omitted)).

[82] *Oman v. Davis Sch. Dist.*, 2008 UT 70, ¶ 28, 194 P.3d 956 (internal quotation omitted).

16

A.      **As in *McMurray,* All of Plaintiffs' Claims are Barred by Claim Preclusion.**

Under Utah law, the doctrine of claim preclusion prevents a party from re-litigating a claim that was or that *could have been* brought in a prior action.[83] The doctrine applies when three elements exist: (1) identity of the parties or their privies in the two suits; (2) the claim to be barred "must have been presented in the first suit or be one that could and should have been raised in the first action"; and (3) a final judgment on the merits in an earlier action.[84] All three of these elements are satisfied here.

1.      *The parties in this case are identical to those in the Collection Actions.*

This element is easily met. Duke alone brought the Collection Actions against the individual Plaintiffs, and they have now collectively brought this second suit against Duke.[85] No other parties are or were involved.

2.      *All of Plaintiffs' claims in this case could and should have been raised in the Collection Actions.*

Utah courts have adopted a transactional test for determining whether a claim could and should have been brought in prior litigation for purposes of claim preclusion.[86] Under the transactional test, "claims are the same if they arise from the same operative facts, or in other words from the same transaction.[87] "What constitutes a 'transaction' . . . [is] to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a

---

[83] *Haik*, 2017 UT 14 at ¶ 11.

[84] *Id.*; *Moss*, 2012 UT 42 at ¶ 21 (internal quotations omitted).

[85] (App. of Evid. Ex. 1, Ex. 3, Ex. 8, Ex. 14.)

[86] *Gillmor v. Family Link, LLC*, 2012 UT 38, ¶ 13, 284 P.3d 622, 627 (adopting the transactional test set forth in Restatement (Second) of Judgments § 24).

[87] *Pioneer Home Owners Ass'n v. TaxHawk, Inc.*, 2019 UT App 2, ¶ 43, 457 P.3d 393, 403 (internal quotations omitted).

1029840\314733099.v1

unit conforms to the parties' expectations or business understanding or usage."[88] Claim preclusion does not apply to claims arising out of operative facts that occur *after* the initial complaint in the first action is filed.[89] For purposes of claim preclusion, the scope of prior litigation is therefore "framed by the complaint at the time it is filed."[90]

This Court already determined in *McMurray* that FDCPA, UCSPA, and common law claims that were nearly identical to those in this case arose out of the same transactions as the underlying collection actions and could and should have been brought therein, and the Tenth Circuit agreed.[91] In affirming the dismissal of McMurray's claims, the Tenth Circuit did not disturb this Court's conclusion that the underlying collection action and McMurray's federal lawsuit "[arose] out of the same transaction, specifically [the defendant's] efforts to collect on the debt alleged owed by [McMurray]."[92] The Tenth Circuit also rejected McMurray's argument that claim preclusion could only apply to claims that arose *before* the first action was filed.[93] The court explained that, under Utah law, claim preclusion "does not apply to new rights acquired *pending the action*," indicating that a claim that arises at the time of filing would be precluded under the doctrine.[94] The court then held:

> McMurray's first four claims—regarding the unenforceability of the judgment, and requesting disgorgement, an injunction, and statutory damages under the UCSPA—arose at the time Forsythe's complaint was filed in Utah state court. In fact, it was the very filing of Forsythe's complaint that gave rise to McMurray's claims, because Forsythe's complaint expressed its intention to collect from

---

[88] *Id.* (quoting Restatement (Second) of Judgments § 24).

[89] *Id.* at ¶ 44.

[90] *Macris & Assocs. v. Neways, Inc.*, 1999 UT App 230, ¶¶ 10-11, 986 P.2d 748, 751.

[91] *McMurray*, 2021 U.S. Dist. LEXIS **8-11, *aff'd*, 2023 U.S. App. LEXIS 19740, *rehearing en banc denied*, 2023 U.S. App. LEXIS 24183.

[92] *Id.* at *9.

[93] *McMurray*, 2023 U.S. App. LEXIS 19740 at ** 5-8.

[94] *Id.* at *6 (citing *Macris & Assocs. v. Neways, Inc.*, 2000 UT 93, 16 P.3d 1214).

1029840\314733099.v1

> McMurray, and now McMurray complains of Forsythe's legal inability to collect due to its alleged improper registration. Moreover, Forsythe's alleged improper registration existed well before Forsythe filed its complaint. Because McMurray's claims before this Court arose from the same transaction as his Utah state court claims, they could and should have been raised in the Utah state court action.[95]

The Tenth Circuit might as well have been describing this case. As in *McMurray*, Plaintiffs' alleged FDCPA, UCSPA, and common law claims are based on the same transaction underlying the Collection Actions and are therefore barred by the doctrine of claim preclusion. Both the Collection Actions and the present case arose out of Plaintiffs' failures to pay debts owed to Duke and Duke's effort to recover the same. Both the Collection Actions and this case center on the question of whether Duke was entitled to any relief sought.

Plaintiffs asserts that Duke had no legal standing to recover because it was not licensed as a debt collector pursuant to the UCAA.[96] Although Plaintiffs assert that Duke violated the FDCPA and the UCSPA and otherwise engaged in misconduct by litigating in Utah without a license, the facts upon which these claims are based existed before or "at the time" Duke's complaints in the Collection Actions were filed. Indeed, the crux of Plaintiff's claims is that Duke "fil[ed] lawsuits in the State of Utah without first acquiring the necessary license."[97] Even if no alleged violation of the FDCPA or UCSPA or intrusion upon seclusion or unjust enrichment occurred until Duke

---

[95] *Id.* at *8. The Tenth Circuit, like this Court, also held that a "claim is precluded in a case that involves a collateral attack on a prior judgment, when a different outcome in the second action would nullify the initial judgment or would impair rights established in the initial action." *Id.* at * 9 (quoting *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp. Inc.*, 140 S. Ct. 1589, 1597 (2020) (internal quotations omitted)). Because McMurray requested—as Plaintiffs do here—that the state court judgment be declared void and unenforceable and that the defendant disgorge all amounts collected pursuant to the judgment, the Tenth Circuit held that his claims had to be precluded, as ruling otherwise would nullify the state court's judgment and impair the defendant's right to collect on that judgment. *Id.* The same is true in this case.

[96] (App. of Evidence Ex. 1 at ¶¶ 84-87.)

[97] (*Id.* Ex. 1 at ¶ 12.)

1029840\314733099.v1

brought suit against Plaintiffs, such violation or misconduct would have occurred "at the time" the original complaint was filed. In other words, Plaintiffs' alleged claims are not based upon facts that developed after the underlying litigation began and should have been brought in the Collection Actions. Because Plaintiffs' claims are essentially a denial of Duke's entitlement to recover the debts in the Collection Actions, they certainly would have formed a "convenient trial unit" with Duke's claims in those proceedings.[98]

McMurray argued on appeal that claim preclusion cannot apply unless the claimant is subjectively aware of the facts giving rise to a claim at the time the first suit was filed, relying on a statement by the Utah Supreme Court in *Macris* that "for the doctrine of res judicata to preclude a subsequent action, . . . the plaintiff [must] have been aware of the cause of action at the time the first suit was commenced."[99] Duke expects that Plaintiffs—who are represented by the same attorneys as McMurray—will do the same here.

Any such argument would not save Plaintiffs' claims, for the simple reason that Utah courts have rejected a subjective awareness test following Utah's adoption of the transactional test described in section 24 of the Restatement (Second) of Judgment after *Macris* was decided.[100]

---

[98] Such a conclusion is consistent with Utah's rule regarding compulsory counterclaims. Utah Rule of Civil Procedure 13(a), like its federal counterpart, provides that a pleading must assert any counterclaim that the pleader has against the opposing party if: (1) the claim arises out of same transaction as the opposing party's claim; and (2) doing so would not require adding another party over whom the court has no jurisdiction. *Compare* Utah R. Civ. P. 13(a) *with* Fed. R. Civ. P. 13(a). The claims in the present action arise out of the same transaction as the Collection Actions as described above, and no other parties needed to be brought into the case for Plaintiffs to assert their claims.

[99] *See Macris*, 2000 UT 93 at ¶ 28.

[100] *See, e.g., Myrberg v. Snelgrove*, 2013 UT App 89, ¶¶ 5-9, 301 P.3d 25 (holding that, under transactional test, claim preclusion applied to bar claims in second action that arose out of same transaction underlying first action, even though the plaintiff did not become aware of the facts forming the basis for the section action until three years after the first action was filed); *Wyldewood Cellars, Inc. v. Torro, LLC,* 2023 U.S. Dist. LEXIS 168785 **18-20 (D. Utah Sept. 21, 2023)

1029840\314733099.v1

Judge Barlow recently recognized as much, explaining that "*Macris* itself did not hold that Macris's subjective awareness of its claims prevented application of claim preclusion, but rather, held that the facts giving rise to the claims themselves simply did not occur until after the filing of the initial suit."[101] He also noted that, following the Restatement, "'claim preclusion applies to all claims arising from the transaction even where the new claims are based on newly discovered evidence, unless the evidence was either fraudulently concealed or could not have been discovered with due diligence.'"[102]

Duke's registration—or lack thereof—was and is a matter of public record. Under former Section 12-1-1, debt collectors were required to register with the Utah Division of Corporations and Commercial Code ("UDCCC"), which maintains a searchable website that allows users to search for licensed collection agencies.[103] Plaintiffs therefore could have discovered Duke's registration status with minimal diligence, let alone "due diligence." Plaintiffs note that Duke did not disclose its registration status in its pleadings in the Collection Actions, but do not allege that Duke took any active steps to conceal or prevent Plaintiffs from discovering the same. Claim preclusion therefore is still applicable even if Plaintiffs claim that they did not become aware of Duke's registration status until after the Collection Actions were filed.

In any event, Utah courts have also long recognized that a person can have constructive knowledge of facts that are, like Duke's registration status, contained in a public record or where

---

(rejecting subjective awareness test in light of Utah's adoption of transaction test); *Gillmor v. Family Link, LLC*, 2012 UT 38, ¶ 13, 284 P.3d 622 (stating: "Today, we fully embrace the Restatement's transactional t est.").

[101] *Wyldewood*, 2023 U.S. Dist. LEXIS 168785 at *18.

[102] *Id*.at *19 (quoting *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1244 (10th Cir. 2017)).

[103] *See* https://www.secure.utah.gov/bes/index.html (last visited September 22, 2023).

1029840\314733099.v1

"circumstances arise that should put a reasonable person on guard so as to require further inquiry" into such facts."[104] Here, Duke asserted in each of the complaints in the Collection Actions that it: (1) purchased the debts owed by Plaintiffs; (2) had "the same right to collect the account as was previously held by" the original creditors; (3) had demanded payment of the debts; and (4) was "entitled to a judgment" against each of the Plaintiffs for the subject debts.[105] Plaintiffs conceded these facts when they allowed default or summary judgment to be taken against them. A reasonable person receiving a complaint referencing such demands and entitlement to payment would be put on guard to investigate the legitimacy of such demands. As described above, a search of the UDCCC's online registry would have revealed that Duke was not registered when the demands were made and/or at the time the lawsuits were filed. Thus, even if a subjective awareness test was applied in this case, Plaintiffs had constructive knowledge of the relevant facts forming the basis of their claims before or at the time Duke filed suit.

3.    *The Collection Actions resulted in final judgments on the merits.*

"A judgment is upon the merits when it amounts to a declaration of the law as to the respective rights and duties of the parties based on . . . facts and evidence upon which the rights of recovery depend, irrespective of formal, technical, or dilatory objections or contentions."[106] Furthermore, a judgment is on the merits "if it completely disposes of any underlying cause of action."[107] In this case, the judgments in the Collection Actions determined the respective rights and duties of the parties and disposed of Duke's claims against Plaintiffs.[108] The trial courts here determined, and included in their judgments, the amounts that Plaintiffs were obligated to pay

---

[104] *See First Am. Title Ins. Co. v. J.B. Ranch, Inc.*, 966 P.2d 834, 837 (Utah 1998).
[105] (App. of Evidence Ex. 3 at ¶¶ 7-10, Ex. 8 at ¶¶ 8-10, Ex. 14 at ¶¶ 8-10.)
[106] *Peterson v. Armstrong*, 2014 UT App 247, ¶ 14, 337 P.3d 1058, 1063.
[107] *Id.* (internal citation omitted).
[108] (*See* App. of Evidence Ex. 7, Ex. 13, Ex. 18.)

1029840\314733099.v1

Duke, including costs and interest.[109] No further issues remained for the court to decide. The three elements of claim preclusion are therefore satisfied in this case, and Plaintiffs should not be allowed to assert claims now that could and should have been brought in the Collection Actions.

### B.    All of Plaintiffs' Claims are Also Barred by Issue Preclusion.

Under Utah law, the doctrine of issue preclusion, or collateral estoppel, "prevents parties or their privies from relitigating facts and issues in the second suit that were fully litigated in the first suit."[110] "The purposes of issue preclusion include (1) preserving the integrity of the judicial system by preventing inconsistent judicial outcomes; (2) promoting judicial economy by preventing previously litigated issues from being litigated; and (3) protecting litigants from harassment by vexatious litigation."[111] Issue preclusion applies when four elements are met:

> (i) the party against whom issue preclusion is asserted must have been a party to or in privity with a party to the prior adjudication; (ii) the issue decided in the prior adjudication must be identical to the one presented in the instant action; (iii) the issue in the first action must have been completely, fully, and fairly litigated; and (iv) the first suit must have resulted in a final judgment on the merits.[112]

All four of these elements are met in this case. First, Plaintiffs were unquestionably parties to the Collection Actions and were therefore a "party to the prior adjudication" embodied by the judgments in those cases.[113]

Second, the issue at the heart of the present case—i.e., whether Duke was entitled to recover the subject debts—is identical to the issue that was presented in the Collection Actions. As noted above, Plaintiffs challenge Duke's entitlement to relief on the basis that Duke allegedly

---

[109] (*Id.*)
[110] *Oman v. Davis Sch. Dist.*, 2008 UT 70, ¶ 28, 194 P.3d 956, 965 (internal quotation omitted).
[111] *Id.* (internal quotation omitted).
[112] *Collins v. Sandy City Bd. of Adjustment*, 2002 UT 77, ¶ 12, 52 P.3d 1267, 1270.
[113] (*See* App. of Evidence Ex. 7, Ex. 13, Ex. 18.)

1029840\314733099.v1

lacked standing to bring suit because it was not licensed in Utah as a debt collector under the UCAA.[114] The elements of standing under Utah and federal law are substantially similar, "in that they contain the same three basic elements—injury, causation, and redressability."[115] Specifically, both Utah and federal law require that a plaintiff (1) suffer an injury that is (2) caused by the challenged conduct of the defendant and (3) that is likely to be redressed by the relief requested from the court.[116] In this case, Plaintiffs do *not* claim that Duke lacked standing because it was not injured or that such injury was not caused by his failure to pay the subject debt. They assert only that "since Duke was acting unlawfully as an unlicensed collection agency, Duke did not have legal standing to obtain any judgment in Utah Courts against Plaintiff's Class Members.[117] In other words, they assert that Duke did not suffer any injury that could be redressed in a Utah court in any manner whatsoever.

Whether Duke was entitled to relief from the court in the Collection Actions was a question squarely presented in Duke's complaints in those cases.[118] Duke asserted in each complaint that "it [had] the same right to collect the account" as the original creditor and requested that the Utah court enter a judgment to that effect.[119] By asserting now that Duke could not seek any relief from the state court—and was therefore not entitled to a judgment—Plaintiff asks this Court to revisit an issue that was already presented in the Collection Actions.

---

[114] (*Id.* Ex. 1 at ¶ 84.)

[115] *Brown v. Div. of Water Rights of the Dep't of Natural Res. of Utah*, 2010 UT 14, ¶ 17, 228 P.3d 747, 752 (comparing elements of standing under Utah and federal law) (citing *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 598 (2007)).

[116] *See Jenkins v. Swan*, 675 P.2d 1145, 1150 (Utah 1983); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-62 (1992).

[117] (App. of Evidence Ex. 1 at ¶ 78.)

[118] (*Id.* 3 at ¶¶ 7-10, Ex. 8 at ¶¶ 8-10, Ex. 14 at ¶¶ 8-10.)

[119] (*Id.*)

1029840\314733099.v1

This issue was fully and fairly litigated in the Collection Actions. As noted above, Duke's right to payment and request for a judgment from the Utah district court were central allegations of all of its complaints against Plaintiffs.[120] Ms. Svensson did not let these allegations go unopposed. She served an answer denying specifically that Duke was entitled to a judgment against her.[121] In doing so, Ms. Svensson necessarily disputed whether Duke had standing to seek any relief, as Duke could not have been "entitled" to a judgment unless it had standing to sue her in the first place. Ms. Svensson's later decision to not oppose Duke's motion for summary judgment and to allow a judgment against her does not change the fact that she was able to, and did, object to the entry of judgment in this case.

The fact that the judgments against Ms. Castillo and Ms. Bean were entered by default does not save their claims. Utah courts have long held that an issue is "completely, fully, and fairly litigated" for preclusion purposes so long as the parties "receive notice, reasonably calculated, under all the circumstances, to apprise them of the pendency of the action and afford them an opportunity to present their objections."[122] Ms. Castillo and Ms. Bean had such an opportunity in the underlying Collection Actions, as they were both served with Duke's complaints.[123] Nothing prevented them from answering Duke's allegations and further pursuing their alleged defense that Duke was not "entitled" to any relief from the state court. For the third element of issue preclusion

---

[120] (*See id.*)
[121] (*Id.* Ex. 8 at ¶ 10, Ex. 10 at ¶ 10.)
[122] *3D Constr. & Dev., LLC v. Old Std. Life Ins. Co.*, 2005 UT App 307, ¶ 20, 117 P.3d 1082, 1087 (internal citations omitted). Among other things, the Utah Court of Appeals noted that "our case law does not require either a motion or a hearing for full and fair litigation." *Id.*
[123] (App. of Evidence Ex. 4, Ex. 15.)

1029840\314733099.v1

to be satisfied, the opposing party must only be afforded a fair opportunity to be heard, as all Plaintiffs were here.[124] Whether the party takes advantage of the opportunity is immaterial.

Lastly, Collection Actions resulted in final judgments on the merits for the reasons described above. The four elements of issue preclusion are therefore satisfied in this case, and Plaintiffs should not be allowed to re-litigate claims based upon a theory that Duke could not seek to recover their debts in a Utah court. Duke's motion therefore should be granted and Plaintiff's Class Action Complaint be dismissed in its entirety.

## III.    PLAINTIFFS' ALLEGED STATE LAW CLAIMS MUST BE DISMISSED IN ANY EVENT BECAUSE VIOLATION OF FORMER SECTION 12-1-1 CARRIED ONLY CRIMINAL PENALTIES.

Even if the UCAA applied to Duke and Plaintiffs' claims were not otherwise precluded, Plaintiffs still could not prevail on their UCSPA or common law claims. Plaintiffs allege that Duke violated the UCAA's requirement that no person is permitted to perform debt collection activities in Utah prior to being "registered with the Division of Corporations and Commercial Code and [having] on file a good and sufficient bond . . . ."[125] Plaintiff claims that Duke lacked standing to file the Collection Actions because of its noncompliance with the statute.[126] In an attempt to get around the fact that the UCAA provided for only criminal penalties, Plaintiffs baldly assert that Duke's supposed violation of the UCAA was a "deceptive and unconscionable practice" whereby Duke intruded upon their seclusion and/or was unjustly enriched, entitling them to relief under both the UCSPA and common law.[127]

---

[124] *3D Constr. & Dev., LLC*, 2005 UT App 307 at ¶ 20.
[125] (App. of Evidence Ex. 1 at ¶¶ 21-22 (quoting former Utah Code § 12-1-1).)
[126] (*Id.* Ex. 1 at ¶ 84.)
[127] (App. of Evidence Ex. 1 at ¶¶ 13, 75, 63-102.)

1029840\314733099.v1

This Court has consistently rejected similar arguments in several recent cases. For example, the plaintiff in <u>*Gunther v. Midland Credit Management, Inc.*</u> likewise brought a UCSPA claim against a debt buyer/collector due to a supposed violation of the UCAA.[128] The defendant had acquired and attempted to collect the subject debt after the statute of limitations had expired.[129] The plaintiff asserted that the defendant's actions violated the UCSPA because, under the UCAA, debt buyers can take assignments of debts for collection only if the debts are not time-barred.[130] As such, the plaintiff argued that the defendant was "never allowed to purchase [the plaintiff's] and other time-barred debts" and therefore "could not lawfully collect on those debts."[131] The plaintiff also argued "the unlawful collection of debts under the UCAA result[ed] in a violation of the UCSPA since it bars unfair or deceptive practices."[132]

The Court disagreed and dismissed the plaintiff's complaint.[133] In doing so, Judge Waddoups explained:

> [T]he UCAA does not provide a private cause of action on the part of consumers to enforce its terms. Rather, the UCAA provides for criminal penalties. . . .[U]nder Utah's long-standing approach to statutory interpretation, courts are not permitted to create a private right of action when a statute makes certain acts unlawful and provides criminal penalties for such acts, but does not specifically provide for a private right of action. . . . Ms. Gunther's [UCSPA claim] fails because the court cannot transform a (purported) violation of the UCAA into a private right of action under the UCSPA. In other words, even if [the defendant] violated the UCAA, the law simply affords [her] no relief.[134]

---

[128] 2018 U.S. Dist. LEXIS 166654 at **22-23.
[129] *Id.* at *2.
[130] *Id.* at *4 (citing Utah Code § 12-1-8).
[131] *Id.* at **23-24 (internal quotations omitted).
[132] *Id.* (internal citations, emphasis, and quotations omitted).
[133] *Id.* at **22-24.
[134] *Id.* at **12, 24 (internal citations and quotations omitted).

1029840\314733099.v1

The plaintiff in *Ayres v. Portfolio Recovery Associates, LLC* also asserted that a defendant debt buyer/collector violated the UCSPA by, among other things, accepting assignment of a time-barred debt in contravention of the UCAA.[135] Citing *Gunther*, Judge Nuffer granted the defendant's motion to dismiss, holding that "even if [the defendant] violated the UCAA when it accepted assignment of the time-barred debt, the UCAA does not give rise to a private cause of action" and that "the court cannot transform a (purported) violation of the UCAA into a private right of action under the UCSPA."[136]

More recently, the Court dismissed UCSPA claims that were identical to that asserted by Plaintiffs in this case in *McMurray* and *Buhler v. BCG Equities, LLC*.[137] Like Plaintiffs here, the *McMurray* and *Buhler* plaintiffs alleged that the defendant debt buyers violated the UCSPA because they: (1) had Utah counsel file collection suits in Utah without first being registered under former Section 12-1-1; and (2) did not disclose their unregistered status.[138] The Court rejected the plaintiffs' arguments for the same reasons described in *Gunther* and *Ayres*. Judge Kimball explained in *Buhler*:

> The court . . . is unpersuaded by Plaintiffs' argument that [the defendant's] failure to register and failure to disclose their registration or bond status is sufficient to find a violation of the UCSPA for two reasons.
>
> First, holding that failure to disclose a registration status before instigating a collection action—without adequate allegations of affirmative, false statements of registration or bond status in order

---

[135] 2018 U.S. Dist. LEXIS 192315 at *6.
[136] *Id.* at **4-6 (quoting *Gunther*, 2018 U.S. Dist. LEXIS 166654 at *24).
[137] *McMurray*, 2021 U.S. Dist. LEXIS 5815 at **5-7; *Buhler*, 2020 U.S. Dist. LEXIS 32129 at **11-15.
[138] *McMurray*, 2021 U.S. Dist. LEXIS 5815 at **1-2; *Buhler*, 2020 U.S. Dist. LEXIS 32129 at *11.

1029840\314733099.v1

to deceive debtors—would, in fact, transform a violation of the UCAA into a private right of action under the UCSPA. . . .[139]

Analyzing *Gunther*, the Court held that "a plaintiff must argue more than the violation of the UCAA to have a cognizable claim under the UCSPA."[140] Judge Kimball continued:

> Here, Plaintiffs argue that [the defendant's] failure to disclose its unregistered status before or during the Collection Actions should form a basis to support a UCSPA violation. This argument appears to allege something beyond a UCAA violation. But, to hold that [the defendant's] failure to disclose its unregistered status to Plaintiffs is alone enough to constitute a UCSPA violation would have the same effect as transforming a violation of the UCAA into a private right of action. Such a holding would not require a plaintiff to allege anything beyond a violation of the UCAA's registration provision.[141]

Because the plaintiff alleged only a technical violation of the UCAA, without any facts sufficient to show that the defendant knowingly made any misleading statements or intended to deceive the plaintiff regarding its registration status, the Court held that the "law simply afford[ed] [the plaintiff] no relief."[142]

The result should be the same in this case. Like the plaintiffs in *Gunther*, *Ayres*, *Buhler*, and *McMurray*, Plaintiffs here base their alleged state law claims entirely on a violation of the UCAA.[143] In doing so, they likewise attempt to shoehorn a violation of the UCAA (which, again, does not provide a private right of action) into either a violation of the UCSPA (which does provide a private right of action) or a claim under common law. Utah's "long-standing approach to statutory interpretation," which does not permit a court to create a private right of action "when a statute makes certain acts unlawful and provides criminal penalties for such acts, *but does not*

---

[139] *Buhler*, 2020 U.S. Dist. LEXIS 32129 at *12.
[140] *Id.* at *13 (citing *Gunther*, 2018 U.S. Dist. LEXIS 166654 at **5-6).
[141] *Id.* at **13-14.
[142] *Id.* at **13-15 (quoting *Gunther*, 2018 U.S. Dist. LEXIS 166654 at *9).
[143] (App. of Evidence Ex. 1 at ¶¶ 59-102.)

1029840\314733099.v1

*specifically provide for a private right of action*."[144] In other words, Utah law does not permit Plaintiffs to simply call their remedies something else (*e.g.*, a violation of the UCSPA or unjust enrichment or intrusion upon seclusion), when the basis of that remedy is a violation of the UCAA.

That a violation of the former Utah Code § 12-1-1 is the only basis for all of Plaintiffs' alleged claims is apparent on the face of their complaint. Duke's actions in filing lawsuits against Plaintiffs in Utah is alleged to be "deceptive and unconscionable" under the UCSPA only because Duke was not registered and did not have a bond as described in the UCAA.[145] Duke's "acceptance and retention of . . . any sums received" in Utah is alleged to have constituted an unjust enrichment only because Duke "failed to obtain a license" and therefore "did not have the legal right or legal standing to have even initiated the collection lawsuits in the first instance."[146] The only reason that Duke's service of writs of garnishment on Plaintiffs' employers is alleged to have intruded upon their seclusion is that the underlying judgments were "void" because Duke was not registered in the State of Utah.[147] As this Court has recognized time and again, alleged private causes of action based upon noncompliance with former Section 12-1-1, which carried only criminal penalties, cannot survive. Plaintiffs' bald assertion that Duke "knowingly and intentionally" engaged in the alleged misconduct does not suggest otherwise.[148]  As such, even if the former Section 12-1-1 applied to Duke, Plaintiffs' claims under the UCSPA and common law fail as a matter of law and must be dismissed in any event.

---

[144] *Gunther*, 2018 U.S. Dist. LEXIS 166654 at *12; *Puttuck v. Gendron*, 2008 UT App 362, ¶ 18, 199 P.3d 971, 978 (emphasis added).
[145] (App. of Evidence Ex. 1 at ¶¶ 63-82.)
[146] (*Id.* Ex. 1 at ¶¶ 96-102.)
[147] (*Id.* Ex. 1 at ¶¶ 88-95.)
[148] (*Id.* Ex. 1 at ¶ 77); *Buhler*, 2020 U.S. Dist. LEXIS 32129 at *15 (holding that similar "conclusory allegations" of intent were insufficient to state a UCSPA claim arising from an alleged violation of former Utah Code § 12-1-1).

## IV. CONCLUSION

For the foregoing reasons, Duke respectfully requests that its motion be granted and that this Court enter judgment dismissing Plaintiffs' complaint with prejudice and with costs, together with any other relief that the Court deems just and equitable.


DATED: September 26, 2023   HINSHAW & CULBERTSON LLP

          By: /s/ David J. Hanus
          David J. Hanus, *Pro Hac Vice*
          Attorneys for Defendant

1029840\314733099.v1

## CERTIFICATE OF DELIVERY

I, hereby certify that on this 26th day of September 2023, a true and correct copy of the foregoing

DEFENDANT DUKE CAPITAL, LLC'S RULE 56(a), (c) MOTION FOR SUMMARY

JUDGMENT AND MEMORANDUM IN SUPPORT THEREOF was filed with the Clerk of

Court using an approved electronic filing system, which will automatically send notification of

such filing to all counsel who have entered an appearance in this action, including, without

limitation, the following counsel:

Tyler B. Ayres                              Scott C. Borison
Daniel Baczynski                            BORISON FIRM, LLC
AYRES LAW FIRM                              5830 E. Second Street #95943
12339 S. 800 E., Ste. 101                   Casper, WY 82609
Draper, UT 84020                            scott@borisonfirm.com
tyler@ayreslawfirm.com
dan@ayreslawfirm.com


                                            /s/  David J. Hanus
                                            _____

The Order of the Court is stated below:
**Dated:** September 03, 2021      /s/   KARA PETTIT
          10:02:14 AM                         District Court Judge

Brett B. Larsen (Arizona Bar No. 034825) Pro Hac Vice
Hinshaw & Culbertson LLP
2375 East Camelback Road, Suite 750
Phoenix, AZ 85016
Tel: 602-631-4400
Fax: 602-631-4404
blarsen@hinshawlaw.com

Gregory M. Constantino (6853 UT)
Constantino Law Office, P.C.
8537 South Redwood Road, Suite D
West Jordan, UT 84088
Tel: 801-748-4747 or 801-318-4747
Fax: 801-748-4713
greg@constantinolaw.com

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN SALT LAKE COUNTY, SALT LAKE DEPARTMENT, STATE OF UTAH

| | |
|---|---|
| SAMIR MENESES, ALISSA BLAKE, and RODNEY HILL, <br><br>      On behalf of Plaintiffs and Class, <br> vs. <br><br> SALANDER ENTERPRISES, LLC, <br><br>      Defendant. | **ORDER GRANTING SUMMARY JUDGMENT MOTION** <br><br> Case No.: 200901992 <br><br> Judge: Kara Pettit |

The above-entitled matter came on for hearing before the Hon. Kara Pettit on April 23,

2021 and July 30, 2021 on Plaintiff's Motion to Delay Consideration of Motion for Summary

Judgment, pursuant to Rule 56(d), and Defendant's Motion for Summary Judgment. Plaintiffs

were represented by Daniel M. Baczynski. Defendant was represented by Brett B. Larsen and

Gregory M. Constantino.  At the hearing, Plaintiff acknowledged that Plaintiff had completed

discovery and Plaintiff's Motion to Delay Consideration of Motion for Summary Judgment was

1

1029815\308719321.v1

moot.  The Court considered Defendant's Motion for Summary Judgment, the Affidavit in Support of Defendant Salander Enterprises, LLC's Motion for Summary Judgment, Plaintiff's Opposition to Defendant's Motion for Summary Judgment, Defendant's Reply Memorandum in support of Motion for Summary Judgment, Plaintiff's Corrected Supplemental Briefing in Opposition to Defendant's Motion for Summary Judgment, and Defendant's Response to Plaintiff's Supplemental Brief in Opposition to Motion for Summary Judgment, as well as the oral arguments of the parties at both hearings.  The Court, having considered the pleadings on file and the arguments of the parties, now, for good cause appearing, the Court GRANTED Defendant's Motion for Summary Judgment on the record at the hearing on 7/30/21, which ruling is incorporated herein by reference.  The Court FINDS THE FOLLOWING FACTS ARE UNDISPUTED BASED UPON THE ADMISSIBLE EVIDENCE PRESENTED TO THE COURT UPON SUMMARY JUDGMENT:

1. Plaintiffs are all individuals and residents of Utah.

2. Defendant Salander Enterprises, LLC, (hereafter "Salander"), is a Wisconsin limited liability company with its principal office located in Brookfield, Wisconsin.

3. Salander does not own, maintain, or operate a physical office in the State of Utah and has never done so.

4. Salander does not have and has never had any officers or employees located in the State of Utah.

5. Salander's business includes the purchase of debts.

2

1029815\308719321.v1

6.   Other than being named as Plaintiff in lawsuits filed in the State of Utah, Salander itself, does not collect or attempt to collect any of the debts it purchases that are owed by Utah residents.

7.   Instead, Salander hires Utah legal counsel to file lawsuits on its behalf to recover amounts owed to Salander by Utah debtors.

8.   Salander does not collect or receive payments for others of any accounts, bills, or other indebtedness in the State of Utah and has never done so.

9.   Salander does not advertise for or solicit in print the right to collect or receive payments for others of any accounts, bills, or other indebtedness in the State of Utah and has never done so.

10.   Salander purchased the debts owed by each of the Plaintiffs.

11.   Through Utah legal counsel, Salander brought suit against Plaintiff Samir Meneses in the First Judicial District Court, Cache County, Logan Department, Case No. 199100390, on March 5, 2019.

12.   Through Utah legal counsel, Salander brought suit against Plaintiff Alissa Blake in the Third Judicial District Court, Salt Lake County, West Jordan Department, Case No. 170403790, on March 7, 2017.

13.   Through Utah legal counsel, Salander brought suit against Plaintiff Rodney Hill in the Second Judicial District Court, Davis County, Farmington Department, Case No. 179701393, on March 27, 2017.

3

14.     Salander as Plaintiff filed over a hundred debt collection lawsuits in the State of Utah without first registering and submitting a bond pursuant to the Utah Collection Agency Act (hereinafter "UCAA"), as described in Utah Code § 12-1-1.

15.     Salander obtained judgments against each of the above-named Plaintiffs.

16.     Salander subsequently sought to enforce the judgments via garnishment proceedings.

17.     Salander was not registered with the Division of Corporations and Commercial Code and did not have a bond as described in Section 12-1-1 when it brought suit against the above-named Plaintiffs or pursued garnishments from them.

18.     Plaintiffs commenced this action on March 10, 2020, asserting that Salander is a "collection agency, collection bureau, or collection office" under Section 12-1-1 and was therefore required to register and file a bond pursuant to the UCAA.

19.     Plaintiffs assert that because Salander was not registered and did not have a bond as described in the UCAA, Salander lacked standing to file suit against them in a Utah court and was not entitled to recover the subject debts.

20.     As such, Plaintiffs allege that Salander engaged in deceptive and/or unconscionable acts in violation of the Utah Consumer Sales Practices Act, Utah Code § 13-11-1 et. seq., (hereafter "UCSPA") and was thereby unjustly enriched under common law.

4

1029815\308719321.v1

21. They also assert that Salander's pursuit of garnishments in these circumstances constituted an intrusion upon their seclusion.

22. All of Plaintiffs' claims and demands for relief are based entirely on Salander's alleged failure to register with the Division of Corporations and Commercial Code and file a bond under the UCAA, as described in Section 12-1-1.

23. On October 9, 2019, Salander became registered under the UCAA.

Based upon the material undisputed facts, now, for good cause appearing, enters the below Conclusions of Law:

1. Section 12-1-1 provides that "[n]o person shall conduct a collection agency, collection bureau, or collection office in this state, or engage in this state in the business of soliciting the right to collect or receive payment for another of any account, bill, or other indebtedness, or advertise for or solicit in print the right to collect or receive payment for another of any account, bill, or other indebtedness, unless at the time of conducting the collection agency, collection bureau, collection office, or collection business, or of advertising or soliciting, that person or the person for whom he may be acting as agent, is registered with the Division of Corporations and Commercial Code and has on file a good and sufficient bond as hereinafter specified."

5

1029815\308719321.v1

2.      Based on the facts in this case, Salander does not conduct a collection agency, collection bureau, or collection office in this state within the meaning of Section 12-1-1.

3.      Based on the facts in this case, Salander also does not engage in this state in the business of soliciting the right to collect or receive payment for another of any account, bill, or other indebtedness within the meaning of Section 12-1-1.

4.      Based on the facts in this case, Salander also does not advertise for or solicit in print the right to collect or receive payment for another of any account, bill, or other indebtedness within the meaning of Section 12-1-1.

5.      As such, Salander was not required to register and file a bond pursuant to the UCAA prior to filing suit against Plaintiff Samir Meneses in the First Judicial District Court, Cache County, Logan Department, Case No. 191100390, on March 5, 2019.

6.      Salander also was not required to register and file a bond pursuant to the UCAA prior to filing suit against Plaintiff Alissa Blake in the Third Judicial District Court, Salt Lake County, West Jordan Department, Case No. 170403790, on March 7, 2017.

7.      Salander also was not required to register and file a bond pursuant to the UCAA prior to filing suit against Plaintiff Rodney Hill in the Second Judicial District Court, Davis County, Farmington Department, Case No. 179703305, on July 20, 2017.

6

1029815\308719321.v1

8.      Because Salander was not required to register and file a bond pursuant to the UCAA, all of Plaintiffs' claims, which are based entirely on Salander's alleged noncompliance with Section 12-1-1, fail as a matter of law and must be dismissed for this reason alone.

9.      Even if Salander was required to register and file a bond pursuant to the UCAA, however, all of Plaintiffs' claims still fail and must be dismissed.

10.     An alleged violation of the UCAA, with nothing more, does not provide a private right of action or a claim under common law.

11.     Plaintiff may not attempt to shoehorn a violation of the UCAA, which only has criminal penalties and which does not provide a private right of action, into either a violation of the UCSPA or any other State law cause of action, including a cause of action for unjust enrichment or intrusion upon seclusion.

12.     Merely filing lawsuits while unregistered under the UCAA is insufficient to establish a "deceptive act or practice by a supplier" under the UCSPA.

13.     Merely filing lawsuits while unregistered under the UCAA is insufficient to establish an "unconscionable act or practice by a supplier".

14.     Obtaining judgments on accounts lawfully owing by the consumer sued and rightfully owned by a defendant, while unregistered under the UCAA, is insufficient to establish a "deceptive act or practice by a supplier" under the UCSPA.

7

1029815\308719321.v1

15.    Obtaining judgments on accounts lawfully owing by the consumer sued and rightfully owned by a defendant, while unregistered under the UCAA, is insufficient to establish an "unconscionable act or practice by a supplier".

16.    Obtaining and serving Writs of Garnishment while unregistered under the UCAA, without anything more, is insufficient to establish a "deceptive act or practice by a supplier" under the UCSPA.

17.    Obtaining and serving Writs of Garnishment while unregistered under the UCAA, without anything more, is insufficient to establish an "unconscionable act or practice by a supplier".

18.    Plaintiffs must establish more than <u>a registration</u> violation of the UCAA to have a claim under the UCSPA.

19.    The Court should dismiss Plaintiffs' claims against Salander for violating the UCSPA.

20.    The Court should dismiss Plaintiffs' claims against Salander for Unjust Enrichment.

21.    The Court should dismiss Plaintiffs' claims for Declaratory Judgment and Injunctive Relief.

22.    The Court should dismiss Plaintiffs' claims for Intrusion upon Seclusion.

23.    The Court should grant Defendant's Motion for Summary Judgment in its entirety.

24.    The above-entitled case should be dismissed with prejudice.

25.    Defendant, as the prevailing party, is entitled to its court costs.

8

****************** End of Document, Signature at the Top ******************

Approved as to form:

/s/ Daniel M. Baczynski          *** Signed with permission by Gregory M. Constantino ***
Daniel M. Baczynski

CERTIFICATE OF DELIVERY

I, the undersigned, hereby certify that on September 1, 2021, a true and accurate copy of

the foregoing FINDINGS OF FACT AND CONCLUSIONS OF LAW was served upon counsel

for the Plaintiff, Daniel M. Baczynski and Tyler B. Ayres, as required by *Ut. R. Civ. P.*

5(3)(b)(i)(*. . . by emailing it to the most recent email address provided by the person to the court*

*under Rule 10(a)(3)*)

/s/ Gregory M. Constantino

9

1029815\308719321.v1

The Order of the Court is stated below:
Dated:    May 16, 2019          /s/  MATTHEW BATES
               09:38:11 PM                District Court Judge

Mark A. Nickel (14082)
Sara E. Pendleton (14008)
**GORDON REES SCULLY MANSUKHANI, LLP**
222 Main St., 5th Fl.
Salt Lake City, UT 84101
Telephone:  (801) 204-9990
Facsimile:  (385) 282-7590
mnickel@grsm.com
sependleton@grsm.com

*Attorneys for Wakefield & Associates, Inc.*

---

## IN THE THIRD DISTRICT COURT

## TOOELE COUNTY, STATE OF UTAH

| | |
|---|---|
| KOURTNI HASKELL, | **ORDER OF DISMISSAL** |
| On behalf of Plaintiff and Class, | |
| v. | Civil No. 180301531 |
| WAKEFIELD & ASSOCIATES, INC., | Judge Matthew Bates |
| Defendant. | |

THIS MATTER came before the Court upon Defendant Wakefield & Associates, Inc.'s Motion for Judgment on the Pleadings (filed February 14, 2019) [the "Motion"] and Plaintiff Kourtni Haskell's Request for Leave to File Amended Complaint (filed March 12, 2019) [the "Request for Leave"]. The Court, having reviewed the docket, the pleadings and the memoranda, Exhibits, and documents filed with respect to the Motion and the Request for Leave, having heard argument from all interested parties on April 25, 2019, and being fully advised on the matter and for good cause shown, hereby ORDERS, ADJUDGES, and DECREES as follows:

1. The Motion for Judgment on the Pleadings filed by Defendant

Page 1 of 4

Wakefield & Associates, Inc. ("Wakefield") on February 14, 2019, is

hereby GRANTED.  The Court finds that each of the claims asserted

in the Complaint against Defendant Wakefield fail as a matter of law

for the following reasons:

a.  There is no private cause of action under the Utah Collection Agency Act ("UCAA"); and there is nothing under the UCAA that could be construed as giving a debtor the right to sue or otherwise bring any claim against a collection agency merely for failing to be licensed in accordance with the UCAA (i.e., Utah Code § 12-1-1).

b.  The act of attempting to collect a debt without being properly licensed under the UCAA, specifically, Utah Code § 12-1-1, is neither a deceptive nor unconscionable act under the Utah Consumer Sales Practices Act ("UCSPA").

c.  Utah Code § 12-1-1 is merely a business licensure statute, and therefore, in an action to collect on a debt, a debtor cannot raise as a defense that the unlicensed debt collector lacks standing to file or maintain that action. Likewise, a technical violation of Utah Code § 12-1-1 does not give a debtor the right or standing to challenge or otherwise seek to set aside a judgment entered in favor of an unlicensed debt collector.

d.  The new claim—raised for the first time during oral argument—that Plaintiff Kourtni Haskell was deceived or misled by something that Defendant Wakefield represented to her, fails to comply with the requirement under Rule 9(c), Utah R. Civ. P., to plead with particularity the circumstances surrounding Defendant Wakefield's alleged deception.

e.  The additional reasons stated on the record during the oral argument.

2.  In accordance with Rule 73, Utah R. Civ. P., Defendant Wakefield is

hereby granted leave to apply for an award of attorneys' fees against

Plaintiff Haskell and her attorneys under Utah Code § 78B-5-825.

3.  Request for Leave to Amend the Complaint filed by Plaintiff Haskell

on March 12, 2019, is hereby DENIED.  The proposed amendment is

Page 2 of 4

futile because it does not cure the problems and deficiencies that provided the basis for granting the Motion for Judgment on the Pleadings and dismissing each of the claims asserted against Defendant Wakefield.

4. The Motion to Stay Discovery Pending Resolution of Wakefield's Motion for Judgment on the Pleadings filed by Defendant Wakefield on April 2, 2019 (the "Motion to Stay"), is hereby DENIED. The Court finds that the Motion to Stay is moot in light of the foregoing rulings and the dismissal of the Complaint and each of the claims asserted against Defendant Wakefield.

5. This case, the Complaint, and each of the claims asserted against Defendant Wakefield are hereby dismissed without prejudice.

IT IS SO ORDERED

\*      \*      \*      END OF ORDER      \*      \*      \*

**Pursuant to Rule 10(e) of the Utah Rules of Civil Procedure, this Order will be entered by the Court's signature at the top of the first page.**

Approved as to form:

DATED this 6th day of May, 2019.

**GORDON REES SCULLY MANSUKHANI, LLP**

 /s/ Mark A. Nickel

Mark A. Nickel
Sara E. Payne

Page 3 of 4

*Attorneys for Defendant Wakefield &*
*Associates, Inc.*

**AYRES LAW FIRM**

 /s/ Daniel M. Bacynski

Daniel M. Bacynski
Tyler B. Ayres
*Attorneys for Plaintiffs*

Page 4 of 4

The Order of the Court is stated below:
**Dated:** July 02, 2021          /s/   MATTHEW L. BELL
          09:26:57 AM                   District Court Judge

Gregory M. Constantino, Bar No. 6853

Constantino Law Office, P.C.

8537 South Redwood Road, Suite D

West Jordan, UT 84088

(801) 748-4747 or (877) 318-4747

legal@constantinolaw.com


Attorney for Defendant DOCTORS & MERCHANTS CREDIT INC

### FIFTH JUDICIAL DISTRICT COURT

### CEDAR CITY DEPARTMENT, COUNTY OF IRON, STATE OF UTAH

| | |
|---|---|
| HEATHER LEBARON,<br><br>          Plaintiff,<br>vs.<br>DOCTORS & MERCHANTS CREDIT INC,<br><br>          Defendant. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Case No.: 200500113<br><br>Judge: MATTHEW L. BELL |

The above-entitled matter came on for hearing before the Hon. Matthew L. Bell on June 8, 2021, at the hour of 10:00 a.m. on Defendant's Motion for Summary Judgment and Motion to Dismiss this Case with Prejudice.  Plaintiff was represented by Daniel M. Baczynski.   Defendant was represented by Gregory M. Constantino.   The Court considered Defendant's Motion for Summary Judgment, the Declaration of Lori Porter, and attached Exhibits, the Declaration of Justin W. Wayment, and the attached Exhibits, the Declaration of Gregory M. Constantino, and attached Exhibits, Plaintiff's Opposition to Defendant's Motion for Summary Judgment, the Declaration of Heather LeBaron, Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment, and the arguments of the parties.  The Court, having considered

1

the pleadings on file and the arguments of the parties, now, for good cause appearing, THE

COURT FINDS THAT THE FOLLOWING FACTS ARE MATERIAL AND UNDISPUTED:

1.    On April 16, 2019, DOCTORS & MERCHANTS CREDIT INC, (hereafter

"DOCTORS"), was incorporated in the State of Utah.  DOCTORS has remained in good

standing with the State of Utah from April 16, 2019 to the present.

2.    Until being served with a summons in the above-entitled case, Lori Porter, the

president of DOCTORS, believed that the Application for Collection Agency registration, the

check for $32.00 and the Collection Agency Bond had been sent into the State of Utah in April

2019.    DOCTORS' maintained the Collection Agency Bond for April 2019 to April 2020.  But,

DOCTORS inadvertently overlooked sending in the Application for Collection Agency in April

2019.

3.    On or about April 8, 2020, the President of DOCTORS sent the Application for

Collection Agency, the check for $32.00, and the Collection Agency Bond to the State of Utah.

DOCTORS received back a certificate of registration.  *(Declaration of Lori Porter, ¶3, Exhibits*

*A & B)*

4.    DOCTORS has been an active Utah Collection Agency since April 15, 2020.

Even while DOCTORS was unregistered as a Collection Agency, DOCTORS had a Collection

Agency Bond in place.

5.    Between the dates, April 16, 2019 and April 15, 2020, DOCTORS did not

communicate directly with HEATHER LEBARON, (hereafter "LEBARON").

6.    On or about November 11, 2019, Justin W. Wayment, P.C., sent a letter to

HEATHER LEBARON informing her that DOCTORS had retained Justin W. Wayment, P.C. to

collect the balance owing to HANSEN.

2

7.      On March 5, 2020, LEBARON was personally served a 10 Day Summons and Complaint, at the address of 5365 North 2950 West, in Cedar City, Utah.

8.      On March 9, 2020, DOCTORS & MERCHANTS CREDIT INC filed the case, Doctors & Merchants Credit Inc v. Heather LeBaron, et. al, case no. 209500117 in the Fifth District Court, Cedar City Department, (hereafter "THE COLLECTION CASE").

9.      The complaint filed in THE COLLECTION CASE alleged that DOCTORS . . . "is a collection agency which has been retained to collect for . . [sic] . .  services provided to Defendants."  The complaint further alleged that DOCTORS had been assigned the debt from the original health care service provider.

10.     The complaint filed in THE COLLECTION CASE alleged that LEBARON was indebted to Plaintiff for medical services in the principal of $1009.75.

11.     The Court entered Default Judgment against HEATHER LEBARON on April 6, 2020.  HEATHER LEBARON did not raise any defenses in THE COLLECTION CASE.  Most importantly, HEATHHER LEBARON did not raise the issue of DOCTORS unregistered status.


The Court, having previously made its Findings of Undisputed Fact, now, for good cause appearing, enters the below Conclusions of Law:

1.      DOCTORS & MERCHANTS CREDIT INC was required to register and file a bond pursuant to the UCAA prior to filing THE COLLECTION CASE on March 9, 2019.

2.      An alleged violation of the Utah Collection Agency Act, *Utah Code Ann. § 12-1-1 et. seq.*, (hereafter "UCAA"), with nothing more, does not provide a private right of action or a claim under common law.

3

3.      Plaintiff may not attempt to shoehorn a violation of the UCAA, which only has criminal penalties and which does not provide a private right of action, into either a violation of the Utah Consumer Sales Practices Act, *Utah Code Ann. § 13-11-1 et. seq.,* (hereafter "UCSPA") or any other State law cause of action, including a cause of action for Unjust Enrichment or Declaratory Judgment and Injunctive Relief.

4.      Merely filing lawsuits, while unregistered under the UCAA, is insufficient to establish a "deceptive act or practice by a supplier" under the UCSPA.

5.      Merely filing lawsuits, while unregistered under the UCAA, is insufficient to establish an "unconscionable act or practice by a supplier".

6.      Where the collection agency filed suit to collect an account which was both (1) assigned to the agency by the original creditor and (2) lawfully owing by the consumer, merely filing suit while unregistered is insufficient to establish a "deceptive act or practice by a supplier" under the UCSPA.

7.      Where the collection agency filed suit to collect an account which was both (1) assigned to the agency by the original creditor and (2) lawfully owing by the consumer, merely filing suit while unregistered is insufficient to establish a "unconscionable act or practice by a supplier".

8.      Plaintiff must argue more than the violation of the UCAA to have a claim under the UCSPA.

9.      The doctrine of res judicata embraces two distinct branches: claim preclusion and issue preclusion.

10.     Claim preclusion involves the same parties or their privies and also the same

4

cause of action, and this precludes the re-litigation of all issues that could have been litigated as well as those that were, in fact, litigated in the prior action.

11.     Issue preclusion, on the other hand, arises from a different cause of action and prevents parties or their privies from relitigating facts and issues in the second suit that were fully litigated in the first suit.

12.     In order for claim preclusion to bar a subsequent cause of action, the following requirements must be met: (1) both cases must involve the same parties or their privies; (2) the claim that is alleged to be barred must have been presented in the first suit or must be one that could and should have been raised in the first action; and (3) the first suit must have resulted in a final judgment on the merit.

13.     Plaintiff's claims here could and should have been raised in the first action.

14.     Under the transactional test, the claims are the same if they arise from the same operative facts, or in other words from the same transaction.

15.     Here, the complaint filed in THE COLLECTION CASE provides the basis for Plaintiff's claims. Moreover, the relevant fact at the heart of Plaintiff's claims—DOCTORS' alleged failure to properly register—existed well before the filing of THE COLLECTION CASE.  Thus, this is not a situation where a claim develops after the initial complaint is filed. Rather, it was the filing of the complaint in THE COLLECTION CASE that makes up Plaintiff's claims here. Therefore, they could have and should have been brought in the earlier action.

16.     Further, a party is precluded from raising a claim that could have been raised as a defense in a previous action if the relationship between the claim now being raised and the defense is such that successful prosecution of the second action would nullify the initial judgment or would impair rights established in the initial action.

5

17. The above-entitled action seeks to nullify the initial judgment or would impair rights established in the initial action.

18. Plaintiff argues that the judgments DOCTORS obtained when it was not registered are void and requests a declaration that those judgments are "void and unenforceable" and that DOCTORS' is not "entitled to collect any sums on those judgments."

19. Plaintiff also requests that DOCTORS be "ordered to disgorge all sums collected" on these judgments and seeks "damages consisting of any amount collected by the Defendant."

20. Granting this relief would nullify the earlier judgment and impair DOCTORS' rights to the money judgment established in the collection action.

21. Therefore, Plaintiff is precluded from asserting the claims stated in the Plaintiff's complaint.

22. The Court should dismiss Plaintiff's claims made under the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et. seq.*

23. The Court should dismiss Plaintiff's claims against Defendant for violating the Utah Consumer Sales Practices Act, *Utah Code Ann. § 13-11-1 et. seq.*

22. The Court should dismiss Plaintiff's claims against Defendant for Unjust Enrichment.

23. The Court should dismiss Plaintiff's claims for Declaratory Judgment and Injunctive Relief.

24. The Court should grant Defendant's Motion for Summary Judgment in its entirety.

25. The above-entitled case should be dismissed with prejudice.

****************** End of Document, Signature at the Top ******************

6

CERTIFICATE OF DELIVERY

I, the undersigned, hereby certify that on June 22, 2021, a true and accurate copy of the

foregoing FINDINGS OF FACT AND CONCLUSIONS OF LAW was served upon counsel for

the Plaintiff, Daniel M. Baczynski, as required by *Ut. R. Civ. P. 5(3)(b)(i)*(*. . . by emailing it to*

*the most recent email address provided by the person to the court under Rule 10(a)(3)*)

/s/  Gregory M. Constantino

7

FILED DISTRICT COURT
Third Judicial District

OCT 0 7 2019

SALT LAKE COUNTY
By:_____
                                                                Deputy Clerk

IN THE THIRD JUDICIAL DISTRICT COURT
SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| LINDA ARCHULETA, JENNIFER HEAD, WALTER HUMPHRIES, SUMMER MIDDLETON, JUDY BERROCAL, and TIMOTE HALASIMA,<br><br>　　Plaintiffs,<br><br>　　vs.<br><br>WAKEFIELD & ASSOC., INC.,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br>CASE NO. 190901035<br><br>Judge Su Chon |

This matter is before the Court on two motions. Defendant's Motion to Dismiss was fully briefed and noticed for decision on August 12, 2019. Defendant requests oral arguments, but the Court determines that a hearing is unnecessary, as the arguments are adequately represented in the record. On September 12, Plaintiffs filed a Motion to Strike New Arguments in the Reply or Leave to File Sur-Reply, and Defendant filed a response on September 19. The time to file a reply has expired, and the Motion to Strike was not submitted to the Court.[1]

Plaintiffs' Amended Complaint states that Defendant, a collection agency, filed collection actions against the six individual Plaintiffs between August 28, 2015 and January 26, 2016. Each of the six cases resulted in default judgments issued between

---

[1] The Court has reviewed the Motion to Strike and the Opposition, and it appears that any objection to the new arguments were required to be raised within seven (7) days of the filing under URCP 7(f). The motion was not filed until September 12, 2019, almost two months after the Reply Memorandum was filed. The motion is untimely and does not comply with the Utah Rules of Civil Procedure. Even if the Motion had been properly submitted, the Motion would be denied because of the Plaintiffs' failure to comply with Rule 7(f).

October 26, 2015 and March 3, 2016. Plaintiffs allege that at some point during the underlying proceedings, Defendant was not registered with the state as a "collection agency." Plaintiffs bring claims for a declaratory judgment that the default judgments are void and unjust enrichment.[2]

Defendant moves the Court to dismiss the claims against it. "A Rule 12(b)(6) motion to dismiss admits the facts alleged in the complaint but challenges the plaintiff's right to relief based on those facts. Under a rule 12(b)(6) dismissal, our inquiry is concerned solely with the sufficiency of the pleadings, and not the underlying merits of the case." *Oakwood Vill. LLC v. Albertsons, Inc.*, 2004 UT 101, ¶ 8, 104 P.3d 1226 (citation omitted; cleaned up).

The Utah Consumer Sales Practices Act ("UCSPA") is intended, among other things, to protect consumers from suppliers who commit "deceptive and unconscionable sales practices." Utah Code § 13-11-2(2).

> [A] supplier commits a deceptive act or practice if the supplier knowingly or intentionally: (a) indicates that the subject of a consumer transaction has sponsorship, approval, performance characteristics, accessories, uses, or benefits, if it has not;

*Id.* at § 13-11-4(2). The UCSPA provides for a private right of action to obtain a declaratory judgment that an act or practice violates the UCSPA. *Id.* at § 13-11-19. Plaintiffs allege that Defendant committed deceptive or unconscionable sales practices by failing to have the requisite certification as a collection agency and by not disclosing to debtors that it did not have certification when it filed the collection cases.[3]

---

[2] The parties never addressed or analyzed in detail Count II - the unjust enrichment claim - under their memoranda, and the Court does not included that count in its ruling.
[3] Defendant makes much of Plaintiffs' use of "license" and notes that Utah does not require a collection agency to obtain a license; rather it requires certification as a collection agency. The Court construes Plaintiff's use of license in the broader sense as Plaintiffs surely meant it, that is, analogous to the

The Utah Collection Agencies Act ("UCAA") does not provide a private right of action, but Plaintiffs argue that violation of its certification requirement constitutes per se evidence of deceptive or unconscionable sales practices under the UCSPA. The UCAA provides:

> No person shall conduct a collection agency . . . unless at the time of conducting the collection agency . . . that person or the person for whom he may be acting as agent, is registered with the Division of Corporations and Commercial Code and has on file a good and sufficient bond as hereinafter specified.

*Id.* at § 12-1-1. Failure to comply is a class A misdemeanor. *Id.* at § 12-1-6. Defendant does not dispute that it went without the debt collector certification for a time, which it chalks up to a harmless lapse. It is not entirely clear to the Court for which periods in 2015 and/or 2016 Defendant was not certified under the UCAA, but it likely overlaps with the filing of at least one of the collection actions against the Plaintiffs.

Plaintiffs also argues that Defendant's violation of the Utah Administrative Code regarding certification is an additional *per se* deceptive practice under the UCSPA. The Administrative Code provides:

> It shall be a deceptive act or practice in connection with a consumer transaction involving all other services not covered under Section A for a supplier to: . . . (5) Misrepresent that the supplier has the particular license, bond, insurance, qualifications, or expertise that is related to the work to be performed;

Utah Admin. Code R152-11-5(B).

Plaintiffs argue that Defendant affirmatively represented in its debt collection complaints that Defendant is authorized to transact business as a collection agency in

---

certification that is required. Plaintiffs do not dispute that at all relevant times, Defendant has been registered with Utah's Division of Corporations and therefor is "authorized to transact business and was duly registered under the laws of the State of Utah." This is a separate issue from registration as a collection agency.

3

Utah.[4]  The Court agrees that Defendant is a collection agency and is subject to the penalties under the UCAA for failure to have a valid registration, but because Plaintiffs have no private right to enforce the UCAA, Plaintiffs argue that failure to have a timely registration under the UCAA equals *per se* evidence of unfair business practices under the UCSPA, under which Plaintiffs do have a private right.  *See Muscato v. Northland Grp., Inc.*, No. 1:13-CV-00042-CW, 2015 WL 12600165 (D. Utah Jan. 30, 2015) (the UCAA does not provide a private cause of action; rather, it provides for criminal penalties), *Puttuck v. Gendron*, 2008 UT App. 362, ¶ 18, 199 P.3d 971 ("Under Utah's long-standing approach to statutory interpretation, courts are not permitted to create a private right of action when a statute makes certain acts unlawful and provides criminal penalties for such acts, but does not specifically provide for a private right of action.") (internal quotations and citation omitted).  In response, Defendant appears to argue that although failure of a collections agency to maintain certification can carry a potential criminal penalty, where the lapse in certification was simply a clerical error rather than, say, affirmative violation of a fair trade practice, such technical violation of the UCAA should not be *per se* proof of a viable cause of action under the UCSPA.

The parties each rely on Utah and out-of-state case law in favor of their arguments.  Because the states have similar consumer protection laws to one another, as do the federal regulations, and because this issue has not been squarely addressed

---

[4] In its reply memorandum, Defendant argues that it is entitled to judicial privilege regarding any statements it may have made in the debt collection complaints characterizing Defendant as a debt collection agency.  *See DeBry v. Godbe*, 1999 UT 111, ¶ 11, 992 P.2d 979 (the judicial proceeding privilege provides immunity for statements made (1) in the course of a judicial proceeding, (2) regarding the proceeding's subject matter, and (3) by a judge, juror, witness, litigant, or counsel).  Plaintiffs request in their Motion to Strike that the Court either strike the argument as raised for the first time in a reply or permit Plaintiffs to respond.   Neither remedy is necessary, as it is clear that Defendant is a collection agency, which it generally concedes by the fact that it introduces its certificates of registration as a collection agency and argues that its lapse in certification was an error.

4

by the Utah appellate courts, the Court has carefully reviewed all the cases relied on by the parties. Courts in other jurisdictions are split regarding whether failure to maintain a certification transfers into a private right of action. *See Carlson v. First Revenue Assurance*, 359 F.3d 1015 (8th Cir. 2004) (a debt collector's failure to have a license is not the kind of "false or misleading" practice barred by federal consumer protection statutes); *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098 (9th Cir. 1996) (sending a notice of debt was not a violation of the FDCPA even though collector was not state licensed); *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) (debt collector's failure to have a license under state law is not a per se violation of the federal consumer protection act, but it may support finding of a violation); *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529 (6th Cir. 2014) (most jurisdictions recognize a claim under a consumer protection statute when an unlicensed debt collector files a collection suit, but not every technical violation of debt collection law rises to unfair conduct); *Bradshaw v. Hilco Receivables, LLC*, 765 F. Supp. 2d 719 (D. Md. 2011) (some jurisdictions find an unlicensed debt collector's attempt at collections is a per se violation of federal consumer protection laws, and here, defendant "crossed the line"); *Goins v. JBC & Assocs., P.C.*, 352 F. Supp. 2d 262 (D. Conn. 2005) (not all courts adopt a categorical rule that a consumer protection law is violated whenever an unlicensed debt collector sends out any debt collection notice); *Hauk v. LVNV Funding, LLC*, 749 F.Supp. 2d 358 (D. Md. 2010) (plaintiff could pursue claim against collection agency under federal and state law when it failed to become licensed as collection agency under state law); *LVNV Funding, LLC v. Trice*, 2011 IL App (1st) 092773, 952 N.E.2d 1232 (a complaint filed by an unregistered collection agency is null, and the judgment is void; the subsequent

registration by collection agency does not absolve the agency of the crime of an unregistered collection agency); and *Finch v. LVNV Funding LLC*, 212 Md. App. 748, 71 A.3d 193 (2013) (imposition of criminal penalties for engaging in unlicensed collection voids any judgment entered for the unregistered agency). Clearly, jurisdictions differ on whether failure of certification may be litigated by a private party through consumer protection laws.

As for Utah-specific cases, Defendant cites to three recent decisions, two from the U.S. District Court of Utah. In *Gunther v. Midland Credit Mgmt., Inc.,* the plaintiff argued that the collection agency's violation of the UCAA's provision regarding time-barred claims constituted an unfair and deceptive act under the UCSPA. No. 2:17-CV-704, 2018 WL 4621764 (D. Utah Sept. 26, 2018). The court disagreed and dismissed the claim, stating that a violation of the UCAA does not provide a basis for relief for a USCPA claim. "In other words, even if Midland violated the UCAA, the law simply affords Ms. Gunther no relief." *Id.* at *9. That court addressed a similar situation in *Ayres v. Portfolio Recovery Assocs., LLC*, 2018 WL 5849472 (D. Utah November 8, 2018) and affirmed that the UCAA does not give rise to a private cause of action. It is the most recent case -- *Haksell v. Wakefield* (Tooele County Case No. 180301531) – that is directly on point but which carries no precedential weight before this Court. On May 16, 2019, Judge Bates dismissed a similar action to the one at bar, finding:

a) There is no private cause of action under the Utah Collection Agency Act ("UCAA"); and there is nothing under the UCAA that could be construed as giving a debtor the right to sue or otherwise bring any claim against a collection agency merely for failing to be licensed in accordance with the UCAA (i.e., Utah Code § 12-1-1).

b) The act of attempting to collect a debt without being properly licensed under the UCAA, specifically, Utah Code § 12-1-1, is neither

a deceptive nor unconscionable act under the Utah Consumer Sales Practices Act ("UCSPA").

c) Utah Code § 12-1-1 is merely a business licensure statute, and therefore, in an action to collect on a debt, a debtor cannot raise as a defense that the unlicensed debt collector lacks standing to file or maintain that action. Likewise, a technical violation of Utah Code § 12-1-1 does not give a debtor the right or standing to challenge or otherwise seek to set aside a judgment entered in favor of an unlicensed debt collector.

Judge Bates' rationale is sound. The Court cannot find a *per se* violation of the UCSPA merely because a collection agency is without certification as a collection agency at the time it pursues a debt collection case and represents to the debtor that it is a certified collection agency.   To be clear, the Court does not find that a violation of the UCAA could never be grounds for a UCSPA claim, but Defendants' failure to renew its certification in a timely manner does not rise to the level of a *per se* deceptive business practice in this specific case.   Defendant had proper certification as a collections agent at most relevant times, and Defendants' violation of the certification requirement of the UCAA had little, if any, negative effect on the debtors pursued via lawsuit.   Plaintiffs cannot argue that Defendant took unfair advantage of them because it had avoided timely certification under the UCAA.

Because the Court determines that Defendant's failure to maintain a certified status while pursuing debt collection efforts is not actionable under the UCSPA, at least by itself and under the facts of this case, the Court dismisses the Amended Complaint. Therefore, the Court need not address Defendants' additional arguments that the Complaint is not plead with particularity, that the Plaintiffs do not adequately demonstrate damages, that Plaintiffs are not "consumers," that Plaintiffs' claims are

time-barred, and that Plaintiffs' claims should have been raised as Rule 60 motions to set aside.

Defendant moves the Court for attorney's fees under the bad faith statute, arguing that Plaintiffs continued to pursue its claim, even though Judge Bates found no merit in Plaintiffs' counsel's same argument before the Tooele court several months ago. Although the Court agrees with Judge Bates' conclusions, it is not prepared to find Plaintiffs' allegations completely without merit. There could be an instance, hypothetically speaking, where a deceptive sales practice under UCSPA coincides with a criminal act under some other statute, but in the instant case, correlation with the UCAA is not a per se violation of the UCSPA.

For the foregoing reasons, the Court grants Defendant's Motion to Dismiss without prejudice as to Count I and II so far as it relates to the collection agency licensing issue. This likely dismisses the entirety of the Amended Complaint given that there is no other basis provided for the unjust enrichment claim other than the licensing issue. No further order is needed.

DATED this 7th day of October, 2019.

Honorable Su J. Chon
District Court Judge

8

CERTIFICATE OF NOTIFICATION

I certify that a copy of the attached document was sent to the following people for case 190901035 by the method and on the date specified.

MANUAL EMAIL:  TYLER AYRES TYLER@AYRESLAWFIRM.COM
MANUAL EMAIL:  MARK NICKEL MNICKEL@GRSM.COM
MANUAL EMAIL:  SARA PAYNE SARA@TAILOREDLEGALSERVICES.COM

10/07/2019                    /s/ TANNER FLINDERS
Date: _____        _____

                              Signature