Daniel Baczynski, Bar No. 15530
Baczynski Law, PLLC
136 W 12300 S, Ste B
Draper, UT 84020
(708) 715-2234
dan@bskilaw.com

_____

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| SARAH CASTILLO, VIKTORIA SVENSSON, and ROBIN BEAN, <br><br>On behalf of Plaintiff and Class, <br><br>vs. <br><br>DUKE CAPITAL, LLC, <br><br>Defendant, | **PLAINTIFF'S MOTION AND SUPPORTING MEMORANDUM REQUESTING LEAVE TO AMEND THE COMPLAINT** <br><br>(ORAL ARGUMENT REQUESTED) <br><br>CIVIL NO: 2:20-cv-00229-JNP <br><br>JUDGE: Jill N. Parrish |

**INTRODUCTION**

In *McMurray for Forsythe Financial*, the Tenth Circuit recently ruled that a consumer protection claim that represents "a collateral attack on a prior judgment" and "would nullify the initial judgment or would impair rights established in the initial action" are barred by claim preclusion.[1] Faced with this binding precedent, Plaintiffs ask the Court for leave to

---

[1] *McMurray v. Forsythe Fin., LLC*, No. 21-4014, 2023 WL 5938580, at *4 (10th Cir. Sept. 12, 2023)

amend the complaint and remove all parts of their claims which could be interpreted as a collateral attack on the prior judgment.

## BACKGROUND

1. This case was initially filed in state court on March 11th, 2020. ECF 2-2.

2. Defendant removed the case to federal court on April 6th, 2020. ECF 2.

3. On April 10th, 2020, Plaintiffs amended the complaint as a matter of right to add Plaintiff Robbin Bean and a claim under the Fair Debt Collection Practices Act. ECF 5.

4. On April 14th, 2020, Duke Capital filed an Answer. ECF 7.

5. On July 30th, 2020, the Court ordered the parties to propose a schedule. ECF 15.

6. The Parties then agreed to stay entry of a scheduling order until the Court resolved Defendant's Motion to Compel Arbitration, which it ultimately denied. ECF 21, 23, 36.

7. On May 20th, 2021, the Court then stayed the case (this time over Plaintiffs' objection) pending the Tenth Circuit's ruling in *McMurray*. ECF 41.

8. On August 25th, 2023, after *McMurray* was decided, the Court again refused to enter a scheduling order but allowed Defendant to file a motion for summary.

9. There is currently no deadline to amend the pleadings. The parties have not exchanged initial disclosures or engaged in discovery.

## **ARGUMENT**

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleadings by leave of the Court, "and leave shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 83 S. Ct. 227 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Mgr., Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005); see *Foman*, 371 U.S. at 182.

In addressing claims of undue delay, the 10th Circuit focuses on the reason for any delay, holding that denial of leave to amend is only appropriate "when the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993). Regarding prejudice, "as a general rule, a plaintiff should not be prevented from pursuing a valid claim . . . provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits." *Eastern Food Servs., Inc. v. Pontifical Catholic Univ. Servs. Ass'n*, 357 F.3d 1, 8 (1st Cir. 2004). "[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the

spirit of the Federal Rules." *Foman*, 371 U.S. at 182.

None of the factors which would justify denial of the motion to amend are present. There is no showing of undue delay, undue prejudice, bad faith, or dilatory motive. Plaintiffs began working on an amended complaint after the Tenth Circuit resolved the petition for rehearing in *McMurray* (entered on September 12th). At the same time, Plaintiffs have been working to respond to Defendant's motion for summary judgment. Moreover, the case is still in the initial steps of litigation as the parties have neither conducted discovery, nor exchanged initial disclosures, nor agreed to a scheduling order.

Finally, Plaintiffs will gain no advantage by moving forth with an amended complaint, which adds no new claims or parties. Indeed, the amendment only serves to slim down the causes of action, the requests for damages, the requests for declaratory relief, and request for injunctive relief. The narrower complaint offers no tactical advantages to Plaintiffs and only benefits the Defendant. Therefore, there is no evidence of bad faith or dilatory motive.

Defendant may complain that the changes in the complaint implicate their defense based on *McMurray* and therefore cause them prejudice. But "[c]ourts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment." *Thayne v. Pleasant Grove City*, No. 219CV00581JNPJCB, 2021 WL 4034180, at *11 (D. Utah Sept. 2, 2021). Defendant has an adequate opportunity

to address the applicability of *McMurray* to the remainder of Plaintiffs' claims in their reply memorandum. Defendant suffers no "undue" prejudice from the from the dismissal of claims which, under *McMurray* were already barred by claim preclusion.

## **CONCLUSION**

Plaintiffs respectfully request the Court grant Plaintiffs leave to amend their complaint to adjust to the Tenth Circuit's decision in *McMurray*.

Dated this November 7, 2023.

/s/ Daniel Baczynski
BACZYNSKI LAW

## CERTIFICATE OF SERVICE

I hereby certify that on the November 7, 2023, a true and correct copy of the **PLAINTIFFS' MOTION AND SUPPORTING MEMORANDUM REQUESTING LEAVE TO AMEND THE COMPLAINT** filed with the Court through the ECF system, with service on the following:

David J. Hanus, (Wisconsin SBN 1027901) *Pro Hac Vice*
Hinshaw & Culbertson LLP
100 East Wisconsin Avenue, Suite 2600,
Milwaukee, WI 53202
Tel: 414-225-4807
Fax: 414-276-9220
dhanus@hinshawlaw.com

Gregory M. Constantino, (6853 UT)
Constantino Law Office, P.C.
8537 S. Redwood Road, Suite D
West Jordan, UT 84088
(801) 749-4747 or (801) 318-4747
FAX: (801) 748-4713
greg@constantinolaw.com

/s/ Daniel Baczynski