IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SARAH CASTILLO, VIKTORIA SVENSSON, and ROBIN BEAN,<br><br>Plaintiffs,<br><br>v.<br><br>DUKE CAPITAL, LLC,<br><br>Defendant. | MEMORANDUM DECISION & ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFFS' MOTION TO AMEND COMPLAINT<br><br>Case No. 20-cv-00229-JNP<br><br>District Judge Jill N. Parrish |

Sarah Castillo, Viktoria Svensson, and Robin Bean (collectively, "Plaintiffs") allege that Duke Capital, LLC ("Duke Capital") violated the Fair Debt Collection Practices Act ("FDCPA") and the Utah Consumer Sales Practices Act. Before the court is Defendant Duke Capital's motion for summary judgment, ECF No. 59 ("Def.'s Mot."). For the reasons set out below, that motion is **GRANTED IN PART AND DENIED IN PART**. The court also considers Plaintiffs' motion to amend their complaint, ECF No. 66 ("Pl.s' Mot. Amend"). As discussed below, that motion is **GRANTED IN PART AND DENIED IN PART**.

### BACKGROUND

In 2019, Duke Capital filed lawsuits in Utah state court against Sarah Castillo, Viktoria Svensson, and Robin Bean to recover debts it had purchased from prior creditors. In these state-court actions, Duke Capital asserted that it owned the debts, had the same right to collect the accounts as was previously held by the original creditors, and was accordingly entitled to judgment.

Ms. Castillo and Ms. Bean failed to answer the complaints filed against them in the state-court actions, and Duke Capital obtained default judgments against each. Ms. Svensson filed an answer on her own behalf but failed to respond to Duke Capital's motion for summary judgment filed thereafter. As a result, default judgment was also entered against her. Duke Capital subsequently sought to enforce the default judgments through garnishment proceedings. At all relevant times during the state-court litigation, Duke Capital was not registered with the Utah Division of Corporations and Commercial Code and did not have a bond as described in the Utah Collection Agency Act ("UCAA"), which was in effect at all times relevant to this suit.[1]

Plaintiffs initiated this action as a putative class-action suit in March of 2020 in a Utah state district court. Duke Capital removed the action to this court, and Plaintiffs filed the amended, now-operative complaint. *See* ECF No. 5 ("Am. Compl."). Plaintiffs assert five causes of action:

(1) Violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*;[2]
(2) Violation of the Utah Consumer Sales Protection Act, UTAH CODE ANN. § 13-11-1 *et seq.*;
(3) A request for declaratory judgment declaring that Duke Capital lacked standing to obtain any judgment in the state courts and that the default judgments on the debts were therefore void and unenforceable;
(4) Intrusion upon seclusion; and
(5) Unjust enrichment.

*See* Am. Compl.

---

[1] "With the exception of its final section, which authorizes creditors to recover collection fees in addition to other amounts owed by a debtor, the UCAA was recently repealed." *Fell v. Alco Capital Grp. LLC*, 2023 UT App 127, ¶ 1 n.4, 538 P.3d 1249.

[2] Plaintiffs assert, in particular, that Duke Capital violated 15 U.S.C. §§ 1692e(2)(A), (5), (10), and 1692f. Of particular concern is 15 U.S.C. § 1692e(5), which proscribes "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken."

In their second claim for relief, Plaintiffs allege that Duke Capital acted deceptively and unconscionably by failing to register with the appropriate state agency or post a bond as required by the UCAA, thus violating the Utah Consumer Sales Protection Act.

Duke Capital moves for summary judgment, arguing that it is entitled to summary judgment for four reasons: (1) The UCAA's licensing requirements did not apply to it; (2) all of Plaintiffs' claims are barred by the doctrine of claim preclusion; (3) all of Plaintiffs' claims are barred by the doctrine of issue preclusion; and (4) UCAA licensure violations (as Plaintiffs allege in their amended complaint), by themselves, cannot support a claim under the Utah Consumer Sales Protection Act.

Plaintiffs opposed Duke Capital's motion on its merits. They also moved to amend their complaint to "remove all parts of their claims which could be interpreted as a collateral attack on the prior [state court] judgment[s]." Pl.s' Mot. Amend at 1-2. Duke Capital opposed Plaintiff's motion to amend on grounds of futility.

In reply on its motion for summary judgment, Duke Capital conceded its first and third arguments. ECF No. 72 ("Reply Mem.") at 8 n.15. Thus, in this memorandum decision and order, the court considers only the remaining three issues. The first is whether Plaintiffs' claims are barred by the doctrine of claim preclusion by virtue of the state-court judgments on the underlying debts. The second is whether the UCAA licensure violations alleged by Plaintiffs can support a claim brought under the Utah Consumer Sales Protection Act. The third is whether Plaintiffs may amend their complaint.

**LEGAL STANDARD**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P.

3

56(a). The movant bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "A fact is material only if it might affect the outcome of the suit under the governing law. And a dispute over a material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Foster v. Mountain Coal Co.*, 830 F.3d 1178, 1186 (10th Cir. 2016).

Once the movant has met this burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citation omitted). When applying the summary judgment standard, the court must "view the evidence and make all reasonable inferences in the light most favorable to the nonmoving party." *N. Nat. Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 629 (10th Cir. 2008). However, this does not mean that nonmovants may "defeat summary judgment by relying on ignorance of the facts, on speculation, or on suspicion." *Genzer v. James River Ins. Co.*, 934 F.3d 1156, 1160 (10th Cir. 2019) (internal quotations omitted). "Rather, to defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise." *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1098 (10th Cir. 2019) (internal quotations omitted).

In any case, a plaintiff "must still identify sufficient evidence requiring submission to the jury," *Turner v. Pub. Serv. Co.*, 563 F.3d 1136, 1142 (10th Cir. 2009) (quoting *Piercy v. Maketa*, 480 F.3d 1192, 1197 (10th Cir. 2007)). Finally, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## DISCUSSION

**I.        Summary Judgment: Claim Preclusion**

Duke Capital argues that all of Plaintiffs' claims are barred by the doctrine of claim preclusion. "Claim preclusion is premised on the principle that a controversy should be adjudicated only once." *Gillmor v. Family Link, LLC*, 284 P.3d 622, 626 (Utah Sup. Ct. 2012) (internal quotations omitted). The preclusive effect in federal court of a state judgment is governed by the state's preclusion rules. *See Valley View Angus Ranch, Inc. v. Duke Energy Field Servs., Inc.*, 497 F.3d 1096, 1100 (10th Cir. 2007). Under Utah law,

> [w]hether a claim is precluded from relitigation depends on a three-part test. First, both cases must involve the same parties or their privies. Second, the claim that is alleged to be barred must have been presented in the first suit or be one that could and should have been raised in the first action. Third, the first suit must have resulted in a final judgment on the merits.

*Mack v. Utah State Dep't of Commerce, Div. of Sec.*, 221 P.3d 194, 203 (Utah Sup. Ct. 2009) (internal quotations omitted).

Regarding the second element, whether a claim could and should have been raised in the first action, Utah law demands the application of the transactional test as spelled out in the Restatement (Second) of Judgments § 24 (Am. L. Inst. 1982). *See Gillmor*, 284 P.3d at 627. Under the transactional test, "[c]laims or causes of action are the same as those brought or that could have been brought in the first action if they arise from the same operative facts, or in other words from the same transaction." *Mack*, 221 P.3d at 203 (citing Restatement (Second) of Judgments § 24 (1982)). The phrase transaction or a series of transactions "connotes a natural grouping or common nucleus of operative facts." Restatement (Second) of Judgments § 24 (1982). In determining whether a common nucleus of operative fact exists, "no single factor is determinative." *Id.* Rather, the determination should be made "pragmatically, giving weight to such considerations as whether

5

the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.*

In *Cotte & Mercedes Hidalgo v. CVI SGP Acquisition Tr.*, this court considered analogous preclusion arguments related to the same debt-collection statutes involving similar factual circumstances. 2022 U.S. Dist. LEXIS 27981 (D. Utah Feb. 15, 2022). In *Cotte*, default judgment was entered in Utah state court against individual consumers on debts purchased by out-of-state debt buyers. *See id.* at *2. Like Duke Capital, the defendants in *Cotte* argued that the doctrine of claim preclusion barred the statutory debt-collection claims because those claims should have been brought in the actions on the underlying debts. *See id.* at *6. This court, however, was unconvinced.

As in this case, the *Cotte* parties' arguments centered on the second element of the claim preclusion analysis, whether the claims at issue could and should have been raised in the first action under the transactional test. This court concluded that the statutory debt-collection claims arose from a different transaction than the underlying state-court debt claims insofar as the debt-collector's "collection tactics [] represent an entirely separate transaction than the transactions that led to the underlying debt." *Id.* at *13; *see also Nikkel v. Wakefield & Assocs., Inc.*, 2011 U.S. Dist. LEXIS 109044, at *14 (D. Utah Sept. 16, 2011) (holding Plaintiff's FDCPA claim was not precluded because it "does not relate to the existence of the underlying debt or her breach of contract; rather, it alleges that defendant violated the FDCPA when it attempted to collect the debt."); *Peterson v. United Accts., Inc.*, 638 F.2d 1134, 1137 (8th Cir. 1981) ("[T]he circumstances giving rise to the original debt are separate and distinct from the collection activities undertaken by [the defendants]. While the debt claim and the FDCPA counterclaim raised here may, in a

technical sense, arise from the same loan transaction, the two claims bear no logical relation to one another.").

In *McMurray v. Forsythe Fin., LLC*, the Tenth Circuit concluded that a plaintiff's claims under the FDCPA and the Utah Consumer Sales Protection Act are barred by the doctrine of claim preclusion because they "ar[i]se from the same transaction as his Utah state court claims" for the collection of underlying debts. 2023 U.S. App. LEXIS 24183, at *9 (10th Cir. Sep. 12, 2023). But the claim-preclusion analysis in *McMurray* is limited to the narrow issues of when certain claims arise and when claims might constitute a collateral attack on a prior judgment. *McMurray* did not consider any other factors relevant in the transactional test under Utah law. And, most importantly, the *McMurray* panel elected not to publish the order, thereby leaving these questions open for continued debate and development in the district courts. As a result, *McMurray* is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It is thus only valuable insofar as it is persuasive. *See United States v. Sumka*, 81 F.4th 1153, 1156 n.1 (10th Cir. 2023) (citing 10th Cir. R. 32.1).

Given the analysis in *Cotte*—including that order's consideration of persuasive authority as developed out-of-circuit among both district and appellate courts—this court finds *McMurray* unpersuasive. In addition to the reasons laid out in *Cotte*, the court is satisfied that Plaintiffs' claims here are not barred by claim preclusion on account of "the reasonable expectations of the parties." *Gillmor*, 284 P.3d at 629. While Plaintiffs should have understood that the state-court actions foreclosed future challenges to the validity of the debt, they could not have reasonably expected that statutory consumer-rights claims regarding injuries stemming from the process of collecting those debts would be precluded by the state-court actions. Pragmatically, a consumer need not expect that claims related to damages arising from the conduct of collection agencies—including

7

the initiation of a lawsuit—be raised in defense against the collection of the underlying debt. As a result, the court finds it unnecessary to explore the other doctrinal issues raised by Plaintiffs, including whether they must have had actual knowledge of the facts necessary to support their claim at the time of the state-court actions.[3]

## II.     Summary Judgment: Civil Cause of Action

Next, the court considers Duke Capital's argument that violations of the UCAA cannot support a claim under the Utah Consumer Sales Protection Act. In their amended complaint, Plaintiffs allege that Duke Capital violated the Utah Consumer Sales Protection Act primarily through failing to register with the relevant state agency, and secondarily through purportedly misrepresenting its registration status by alleging in state-court papers that it was entitled to collect on the debts. *See* Am. Compl. ¶¶ 17-23, 25, 37, 50, 65, 71-75.

The Utah Court of Appeals has ruled that "a UCAA violation is not enough to support a cause of action under the UCSPA or [] common law doctrines" such as intrusion upon seclusion or unjust enrichment. *Meneses v. Salander Enters. LLC*, 537 P.3d 643, 647 (Utah App. Ct. 2023). "To hold that [a debt buyer's] failure to disclose its unregistered status to [debtors] is alone enough to constitute a UCSPA violation would have the same effect as transforming a violation of the UCAA into a cause of action." *Id*. at 647-48 (quoting *Buhler v. BCG Equities, LLC*, 2020 U.S. Dist. LEXIS 32129, at *5 (D. Utah Feb. 24, 2020)). Additionally, no reasonable jury could conclude that Duke Capital's representations in the state-court actions that it was entitled to collect on the debt constituted an affirmative misrepresentation regarding its licensure status in particular.

---

[3] However, here, as in *Cotte*, "to the extent that Plaintiffs request declaratory or injunctive relief that represents a collateral attack on the state court judgment, claim preclusion bars such claims." 2022 U.S. Dist. LEXIS 27981 at *17.

*See id.* at 648 n.5 ("It is difficult to characterize [a representation that a party is entitled to collect on a debt] as an 'affirmative misrepresentation' when the applicability of [the UCAA] to third-party debt buyers was open to question."); *accord Fell v. Alco Capital Grp. LLC*, 538 P.3d 1249 (Utah App. Ct. 2023). Thus, for reasons identified by the Utah Court of Appeals in *Meneses* and *Fell*, Plaintiffs' state-law claims fail, as they neither plead nor dispute facts sufficient to show that Duke Capital engaged in proscribed debt-collection activities that might support a claim under the Utah Consumer Sales Protection Act or the common-law claims alleged. Duke Capital is therefore entitled to summary judgment on these claims.[4]

### III.   Motion to Amend

Finally, the court considers Plaintiffs' motion to amend their complaint. "A district court should refuse leave to amend only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (internal quotations omitted). Plaintiffs seek to "remove all parts of their claims which could be interpreted as a collateral attack on the prior [state-court] judgment[s]." Pl.s' Mot. Amend at 1-2. Duke Capital argues that amendment of the complaint would be futile insofar as the doctrine of claim preclusion bars all of Plaintiffs' claims. As previously discussed, however, Plaintiffs' claims are not entirely barred by the doctrine of claim preclusion. Therefore, amendment of the complaint would not necessarily be futile. As such, Plaintiffs are granted leave to amend their complaint to remove any allegation that could be interpreted as a collateral attack on the state-court judgments.

---

[4] However, as the Utah Court of Appeals noted in *Fell*, "a violation of the UCAA may be sufficient to support a claim under the FDCPA." 538 P.3d at 1255 n.10; *see also Buhler*, 2020 U.S. Dist. LEXIS 32129, at *7-10.

However, Plaintiffs' attempts to amend the complaint to circumvent *Meneses* and *Fell* are unavailing. Although Plaintiffs may try to allege that Duke Capital did "something more" than simply fail to register under the UCAA, their proposed amendments[5] do not allege any conduct that would lead to a different result. Thus, the proposed amended complaint would be just as vulnerable to dismissal or summary judgment as the operative complaint.[6] Because the proposed amendments fail to plead any debt-collection conduct not considered in *Meneses* or *Fell*, Plaintiffs' motion to amend their complaint is denied as it relates to their pleading of the state-law claims.

---

[5] For example, their allegations that Duke Capital "refused to correct the record on its previously filed collection lawsuits," ECF No. 66-2 at 4, or elected to pursue garnishment, *id.* at 7.

[6] Similarly, Plaintiffs' attempt to characterize their claims as arising from "[t]he collection litigation (not Duke's failure to register)" as "the heart of this case" in the proposed amended complaint is mere artful pleading. *See* ECF No. 66-2 at 2. No deceptive or unconscionable conduct beyond UCAA violations is plausibly alleged—the litigation is only alleged to have been wrongfully initiated because of the UCAA non-compliance.

## CONCLUSION

For the foregoing reasons, Duke Capital's motion for summary judgment, ECF No. 59, is **GRANTED IN PART AND DENIED IN PART**. Duke has demonstrated an entitlement to summary judgment as to Plaintiffs' Utah Consumer Sales Practices Act and common-law claims.

Plaintiffs' motion for leave to amend their complaint, ECF No. 66, is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs may amend their complaint to remove all parts of their FDCPA claim or pleading that could be interpreted as a collateral attack on the state-court judgments. However, because amendment of the pleading related to the state-law claims would be futile, Plaintiffs are denied leave to amend those portions of the complaint.

DATED September 23, 2024

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge